Commonwealth *v.* Cuffee.

COMMONWEALTH *vs.* CHARLES H. CUFFEE.

The mere fact that two officers who had arrested a boy thirteen or fourteen years old, without a warrant, upon suspicion of having committed a crime, after searching him, stripping him of his clothing, and putting him into a cell at the police station, took him from the cell late at night and questioned him for two hours, without warning him of his right not to answer, or offering him opportunity to consult friends or counsel, does not render his confessions in the conversation inadmissible on his trial for the crime.

INDICTMENT for the murder of Benjamin Howard at Westport on November 9, 1870.

At the trial, at April term 1871, before *Chapman*, C. J., and *Gray*, *Colt* and *Morton*, JJ., there was evidence tending to show that Howard was killed by blows with a club, near his house in Westport, and his body dragged into a neighboring wood, where it was discovered on December 3, 1870 ; that the defendant, who was a negro thirteen or fourteen years old, was suspected of the homicide ; that on December 5 two police officers of New Bed-

ford went to the school which the defendant attended in West-port, and asked him to accompany them to the scene of the hom icide; that he did so, and pointed out to them the localities at which, as he said, it was supposed that the homicide had been committed and the body dragged away and hidden; that they then, against his will, and without a warrant, took him to New Bedford, searched him, stripped him of his clothing, and placed him in a cell at the police station; and that, about ten o'clock at night, "they took him out of his cell for the purpose of questioning and examining him, and examined him from that time till midnight, without warning him of his right not to answer unless he chose to do so, or offering him any opportunity to con-sult with counsel or friends."

The defendant objected to the admission in evidence against himself of statements then made by him to the police officers, tending to show his guilt. But it was ruled that, "in the absence of any evidence of threats or promises other than might be in-ferred from the above, such statements were admissible in evi-dence;" and the jury were afterwards instructed that "if, upon the whole evidence in the case, it appeared to them that these statements were not induced by any threats or promises, they might be considered by the jury, and allowed such weight as they should consider them to be entitled to; but that, if these state-ments appeared to them to have been induced by threats or prom-ises, the statements should not be allowed any weight or effect against the defendant."

It also appeared in evidence that about eight o'clock on the following morning the defendant made other and contradictory statements to another officer, while in his cell, and also on the afternoon of the same day to the first two officers, while in their custody; and that on the next day he made further statements to another officer, while in his custody.

The defendant requested a ruling that, "if the first confession was obtained by improper influence, such influence would be pre-sumed to continue and to have produced these confessions, unless the contrary was shown by clear evidence, and they should not be allowed any greater weight or effect against the defendant than

the first." But the court declined so to rule; and instructed the jury that, " if the first statement of the defendant was obtained by improper influence, any statements afterwards made by the defendant to the same officers were presumed to be made under the same influence; but that the question whether subsequent statements to other officers were made under the same influence was a question for the jury, and that statements made at any subsequent time to any officers under the same influence should not be al lowed any weight or effect against the defendant."

The jury returned a verdict of guilty of murder in the first degree; and the question of the correctness of the foregoing rulings was reported for revision; if there was any error therein to which the defendant had any just cause of exception, a new trial to be ordered; otherwise, the defendant to be sentenced.

*J. Brown,* for the defendant.

*C. Allen,* Attorney General, *(G. Marston,* District Attorney, with him,) for the Commonwealth.

CHAPMAN, C. J. The report states how the prisoner was taken and carried to New Bedford by two police officers, upon suspicion that he was guilty of the murder of Howard; that they stripped him of his clothing, and searched him, and placed him in a cell at the station-house; and that about ten o'clock at night they took him out of his cell for the purpose of questioning and examining him, and examined him from that time till midnight, without warning him of his right not to answer unless he chose to do so, or offering him an opportunity to consult with counsel or friends. The defendant's counsel objected to the admission in evidence of statements then made by the prisoner to the police offcers, tending to show his guilt. But it was ruled that, in the absence of any evidence of threats or promises other than might be inferred from the above, such statements were admissible in evidence.

The ruling, that the statements were admissible in the absence of threats or promises, was in conformity with recent decisions of this court. *Commonwealth* v. *Morey,* 1 Gray, 461. *Commonwealth* v. *Tuckerman,* 10 Gray, 173, 192. *Commonwealth* v. *Howe,* 2 Allen, 153. It was also in conformity with the reason

of the rule, as stated by Chief Justice Shaw in *Commonwealth* **v.** *Morey.* He says the ground on which such confessions are excluded " is not because any wrong is done to the accused in using them, but because he may be induced, by the pressure of hope or fear, to admit facts unfavorable to him, without regard to their truth, in order to obtain the promised relief or avoid the threatened danger," and therefore admissions so obtained have no tendency to prove the facts so admitted.

And though the evidence given at that stage of the trial showed that no threats or promises were made, yet, after all the evidence was in, the court still further guarded the rights of the prisoner by instructing the jury that if, upon the whole evidence in the case, it appeared to them that these statements had been induced by threats or promises, they should not be allowed any weight or effect against the prisoner. These rulings were sufficiently favorable to the prisoner.

The same is true as to the ruling in respect to his subsequent statements to the same and other officers. It is not to be presumed that, if one officer makes threats or promises, their influence will lead the prisoner to accuse himself falsely to another officer. *Rex* v. *Gibbons*, 1 C. & P. 97. *Rex* v. *Finch*, Ib. 129. *Rex* v. *Howes*, 6 C. & P. 404. The settled and reasonable rule is, after excluding subsequent statements made to the same officers, to admit statements made to other officers, with the instruction that any statements made at any subsequent time to other officers, under the influence of such threats or promises, should not be allowed any weight or influence against the prisoner.

*Sentence according to the verdict.*