COMMONWEALTH *vs.* WILLIAM J. CROCKER.

A person who had been arrested in the evening by two officers, A. and B., on a charge of larceny, was told by A., out of B.'s hearing, that he had better confess to B. In reply to questions by B. afterwards on the same evening, and on the next morning, he denied his guilt; but later in the day B. found the stolen property, and told him of it. *Held,* that statements then made by him to B. were admissible in evidence against him on his trial for the crime.

INDICTMENT for larceny of United States bonds in a building. Trial in the superior court for Norfolk, before *Rockwell*, J., who, after a verdict of guilty, reported, by the defendant's desire and consent, the following case for the determination of this court:

" The Commonwealth, after other testimony, introduced as a witness officer Charles A. Skelton, who stated that in company with officer James T. Hill he arrested the defendant in a saloon in Boston, on the evening of April 13, 1870; that on the morning of April 14 he found the bonds in three packages, on the stairs, in a certain house, two of the packages on the fourth stair from the bottom, and one on the sixth stair. He then stated that he had some conversation with the defendant. The defendant here desired to examine the witness, as to whether or not, previously to the conversations, promises had been made to the defendant to induce him to confess. It appeared that Skelton had made no such promises. But the defendant wished also to examine Hill before Skelton should testify any further; the judge allowed such examination; and Hill testified that he arrested the defendant on the evening of April 13, together with Uriah A Pollard; that he and Skelton took them from the place of arrest to the police station; that at the place of arrest he had some con-

versation with the defendant; and further stated as follows: ' I was in one of the slips of the saloon with the defendant, and Skelton was in the next slip. I told the defendant it would be much better for him to own up. I do not remember promising to aid him, or to do what I could for him. He made no confession or statement. He knew I was an officer. I told him he had better make a clean breast of it to Skelton. I do not think Skelton heard this conversation, for, though he was in the next slip, he was talking at the time with some one else. I think I told the defendant twice, once in the slip as I have stated, and once on our way to the station, that it would be a great deal better for him to make a clean breast of it.'

" Skelton was then allowed, against the objection of the defendant, to testify as follows : ' In the evening, at the station, I asked the defendant if he knew anything about the bonds. He replied that he did not. In the morning I asked him the same question, and he made the same answer. This conversation was before I found the bonds. I found them about eleven o'clock in the morning, being directed by information obtained from another source. About half an hour after I had found the bonds, I went and saw the defendant again, and said to him, " When you have securities to put away, you ought to put them in more secure places." He replied, " I suppose Pollard has squealed." I said, " He has." He said, " Where did you find the bonds ? " I replied, " I found them at the fourth step from the bottom, behind the stair-carpet." He asked, " How many packages did you find ? " I replied, " Three packages." He said, in reply, " You found two packages four steps from the bottom, and one package two steps above that." ' "

If the foregoing testimony of Skelton was not admissible, a new trial was to be ordered ; otherwise, the defendant to be sentenced.

*A. O. Brewster,* for the defendant.

*C. Allen,* Attorney General, (*J. C. Davis,* Assistant Attorney General, with him,) for the Commonwealth.

CHAPMAN, C. J. The defendant contends that the officer Skelton was illegally permitted to testify to certain statements

made to him by the defendant respecting the stolen bonds, and
tending, with other evidence, to show that the defendant stole
them.   The ground of the objection is, that, on the evening pre-
vious to this interview, Hill, another officer, had said to the de-
fendant that it would be better for him to own up, and that it
would be better for him to make a clean breast of it to Skelton.
But it is apparent from the facts in the case, that this had no
influence in inducing the defendant to say what he did to Skel-
ton, and that his statements were made under the influence of the
facts that occurred the next day.   We think the testimony was
admissible.   The case is quite as strong as that of *Commonwealth*
**v.** *Cuffee, ante,* 285.                        *Defendant to be sentenced.*