## COMMONWEALTH *vs.* JAMES CULLEN.

A police officer held out to a prisoner inducements to confess, and on the next day the prisoner confessed to another police officer. *Held,* that the refusal of the judge at the trial for the offence to instruct the jury that they ought to give no weight to the confession, if they thought it was made under the influence of the inducements, gave the defendant a good ground of exception.

INDICTMENT for larceny from the person. At the trial in the Superior Court in Suffolk, before *Allen,* J., there was no direct

evidence of the taking, and no stolen property traced to the possession of the defendant. The evidence was all circumstantial, and confined to the conduct of the defendant and the statements made by him to two police officers, named Weir and Healey, after his arrest, as testified to by them.

Weir testified that he arrested the defendant in New York, and brought him on the cars to Boston; that on the way he said to the defendant: "If you will get the money it will not be used as evidence against you; I want to get back the money." Healey had previously testified to admissions of the defendant made to him at the station-house in Boston after the arrival of the defendant from New York on the day after the conversation with Weir. It did not appear that Healey had held out any inducement to the defendant.

The defendant, after Weir had testified, objected that the admissions to Healey were inadmissible, because made after the inducement held out by Weir, and so presumed to be made under the influence of that inducement. And he asked the judge to rule, " that the statement made by Weir to the defendant on the cars, to the effect that if the defendant would get the money it should not be used against him, was an inducement, and being an inducement, that all admissions made subsequently by the defendant, whether to Weir or Healey, should not be allowed to weigh against the defendant."

The judge declined so to rule, and ruled that the jury might consider the defendant's admissions to Healey made subsequently to the inducement, and to Weir prior to the inducement, and gave them no other instructions, either as to the weight to be given to the statements made by the defendant to Weir and Healey, or as to the ruling requested by the defendant.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*G. W. Searle & J. W. Mahan*, for the defendant.

*W. G. Colburn*, Assistant Attorney General, (*C. R. Train* Attorney General, with him,) for the Commonwealth. The confession to Healey was admissible. *Rex* v. *Richards*, 5 C. & P. 318. *Rex* v. *Lloyd*, 6 C. & P. 393. *State* v. *Potter*, 18 Conn. 166. *Moore's Case*, 2 Leigh, 701.

AMES, J.   The assurances given to the defendant by the officer in whose custody he was brought from New York were of such a character that any confession which the defendant might have made during the journey, would have been inadmissible in evidence against him.   It would have been a clear case of a confession obtained under such inducements that it could not be received. The ground for not receiving such evidence is that it is considered as made under a bias, and cannot safely be relied upon as a free and voluntary confession.   *Commonwealth* v. *Morey*, 1 Gray, 461. The bill of exceptions shows that the defendant made no confession during the journey, but that on the next day and while in the custody of another officer he made certain admissions, which were received by the court as evidence at the trial.   If what the defendant said in this conversation with the second officer was so connected with the inducement held out by the first officer as to be a consequence of it, and to have been produced by it, injustice was done to him by allowing it to be given in evidence, without further explanation and caution than appears to have been given. In 2 Stark. Ev. 49, it is laid down that "where a confession has once been induced by such means," (threats or promises,) "all subsequent admissions of the same or of the like facts must be rejected, for they may have resulted from the same influence." The question of course must be, was the improper influence or inducement the cause of the confession.

The case finds that the evidence against the defendant was wholly circumstantial, and confined to his conduct and the statements made by him to the police officers, after his arrest.   In such a state of things, under the rule as recognized in *Commonwealth* v. *Cuffee*, 108 Mass. 285, the statements to the second officer were admissible; but the jury should have been instructed that if an inducement in the shape of promises or threats had been brought to bear upon him by an officer, it would be their duty to allow no weight or influence against the prisoner to any statements which he afterwards made to another officer, provided they were satisfied that these statements were made under the influence, and as the result and consequence, of such inducement; and that the length of the interval between the two, the opportunity the de

fendant might have had for consideration, and the surrounding circumstances generally, were all to be taken into account in estimating the duration and effect of such previous inducement. *State* v. *Potter*, 18 Conn. 166. *Sherrington's Case*, 2 Lewin, 123. *Rex* v. *Cooper*, 5 C. & P. 535. *Commonwealth* v. *Taylor*, 5 Cush. 605. *Exceptions sustained.*