' COMMONWEALTH *vs.* DANIEL MITCHELL.

Norfolk.    Feb. 1. — March 25, 1875.    COLT & MORTON, JJ., absent.

A man, when arrested at his house, for an assault upon a young girl, on the day after the offence, was asked by the officer whether the girl had been there, and answered, ' No." The officer then said, " The more lies told in such cases, the deeper one gets into the mud." The prisoner then admitted that the girl had been there and that he had given her three cents. *Held,* that the admission was competent evidence against the prisoner.

INDICTMENT for an assault upon Florence Watson, on August 4, 1874, at Hyde Park. Trial in the Superior Court before *Pit-*

*man*, J., who allowed a bill of exceptions in substance as fol-
lows :

At the trial, it appeared that the person upon whom the as-
sault was alleged to have been committed was a little girl.   On
August 5, Charles Jacobs, a constable of Hyde Park, with a
warrant duly issued, went to the house of the defendant for the
purpose of arresting him for the assault, found the defendant
at his house, and told him that he had a warrant for his ar-
rest.   The defendant asked the constable what it was for, to
which he replied, " Has Florence Watson been here ? "   The
defendant said that she had not.   The constable then said to
the defendant, " The more lies told in such cases, the deeper one
gets in the mud."   At this point in the testimony of the con-
stable, the defendant objected to the constable's putting in
testimony going to show a confession made by the defendant to
him, after he had talked to the defendant, as aforesaid.   But the
judge ruled that the testimony was admissible ; and the con-
stable then testified that the defendant, after the conversation as
aforesaid, admitted to him that Florence Watson had been
there, and that he gave her three cents.

The jury returned a verdict of guilty, and the defendant al-
leged exceptions.

*J. F. Pickering & E. G. Walker*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

AMES, J.   Nothing which was said by the officer making the
arrest can be construed as a promise of any advantage to the
defendant to be gained by confession.   If the defendant's reply,
therefore, is to be held inadmissible in evidence against him, it
can only be upon the ground that it was induced by fear.   But
the kind of fear which can have that effect must be something
more than that which is produced by the mere fact that the de-
fendant was accused of a crime and was arrested for that reason.
If that were all, nothing which an arrested party could say, short
of a plea of guilty, would be evidence against him.   The most
that can be said as to the language used by the officer on this
occasion is, that it was an expression of his disbelief of the de-
fendant's story, and his conviction that falsehood could only
operate to his prejudice.   The subject matter of the conversa-
tion was a separate fact, easily proved if true, without the aid

of any confession from the defendant. Upon his denial that the child had been at the place in question, the officer says in substance that it would be proved that she had been there. In this we see nothing in the nature of a threat that could be supposed to have influenced the defendant's mind, and the evidence was therefore properly admitted. *Commonwealth* v. *Morey,* 1 Gray, 461. *Commonwealth* v. *Howe,* 2 Allen, 153. *Commonwealth* v. *Cuffee,* 108 Mass. 285. *Regina* v. *Sleeman,* Dearsly, 249. *Regina* v. *Parker,* 8 Cox C. C. 465. *Rex* v. *Court,* 7 C. & P. 486.

*Exceptions overruled.*