COMMONWEALTH *vs.* JOHN F. T. SEGO.

Suffolk.    June 25. — Aug. 27, 1878.    COLT & SOULE, JJ., absent.

After the arrest of a clerk, nineteen years old, for larceny of his employer's goods, and while out on bail, the employer said to him, " I am satisfied that there are other receivers ·whom we have not yet discovered.    I should like to have you make a clean breast of this matter ; " and the clerk thereupon made a confession. *Held*, that the words used by the employer contained no promise or threat ; and that the confession was admissible in evidence against the clerk on his trial for the larceny.

It is not necessary to prove the time as alleged in an indictment for larceny.

On the trial of an indictment containing five counts, for larceny in a building, of the property of R., it appeared that the defendant had confessed to R. that he

had, during the time covered by the indictment, stolen from his shop at different times, large quantities of the goods described in the indictment ; that some of the larcenies he committed alone, and some were committed jointly with an accomplice, but he fixed no particular occasion of larceny. The accomplice testified that he and the defendant had, for a period of some months, at various times, stolen from the shop such goods as were described in the several counts of the indictment, but he did not fix any particular occasion of larceny. The judge instructed the jury that " if they found from the evidence, including the confession of the defendant, that he had, on five different occasions, within the period covered by the several counts, stolen articles described in the several counts of the indictment respectively, they would be authorized to render a verdict of guilty, and not otherwise." *Held,* that whether there were five distinct larcenies proved was a question of fact for the jury, and was properly submitted to them.

INDICTMENT in five counts, charging the defendant with larceny of certain goods, the property of George E. Rogers, in a certain building, to wit, the shop of said Rogers. The first count charged the larceny on May 1, 1877, of 100 dishes and 275 baskets ; the second count, the larceny on June 6, 1877, of 240 plates, 600 bowls and 300 pitchers ; the third count, the larceny on July 10, 1877, of 50 dishes, 860 teapots and 9 clocks ; the fourth count, the larceny on September 5, 1877, of 100 dishes and 275 baskets ; and the fifth count, the larceny on October 3, 1877, of 100 dishes and 275 baskets.

At the trial in the Superior Court, before *Aldrich,* J., the government, for the purpose of proving a confession made by the defendant to Rogers, in whose employ he was, called Rogers as a witness, who testified in substance that, after the defendant had been arrested and given bail, the witness sent for him, invited him into his private office, with one Adams, a salesman, and began the conversation by saying to the defendant, " I am satisfied that there are other receivers whom we have not yet discovered. I should like to have you make a clean breast of this matter, as Williams (an accomplice) has done ; " that the defendant, who was nineteen years of age, confessed that he had, during the time covered by the several counts of the indictment, stolen from the shop of Rogers, at different times, large quantities of the goods described in the indictment : that he had taken silver ware and clocks from the shop in his pockets, and sold them to pawnbrokers for a trifle, and had taken from the shop baskets of crockery ware and other articles, of the kind described in the different counts of the indictment, to a certain

house in Boston, and there he and Williams always divided the proceeds, when either assisted the other in a larceny ; that some of his thefts were committed jointly with Williams, and others he committed alone ; but he fixed no particular occasion of larceny, either by date or otherwise.

Adams, who was called as a witness by the government, substantially corroborated Rogers. The defendant seasonably objected to the admission of the confession, on the ground that such an inducement had been held out as to render it incompetent.

Rogers further testified that he had lost large quantities of goods such as were described in the several counts of the indictment; that the defendant had taken them, and that some of the goods had been recovered by him from two of the receivers named by the defendant; but he admitted that he knew of the loss of the goods only " by estimation," and not of his own knowledge, and that he knew of the defendant's acts only by the confession, and by what others had told him.

Williams, who had been sentenced, was called by the government, and testified that he and the defendant had for a period of some months, at various times, stolen from the shop of Rogers such goods as were described in the several counts of the indictment, but he did not fix any particular occasion of larceny. The defendant objected to the admission of his testimony on the ground that it was too general.

This was all the evidence to show that a larceny had been committed. There was no question raised as to the ownership and value of the property·described, nor as to the fact that it was stolen in the shop of Rogers, if stolen at all. The defendant offered no evidence, and asked the judge to rule as follows : " 1. That the evidence does not warrant a conviction upon any count, because no particular act of larceny is proved. 2. That the evidence, for the same reason, does not warrant a conviction upon more than one count. 3. That the evidence warrants no verdict of a greater offence than simple larceny upon any count. 4. That there is no evidence which will warrant a verdict of guilty upon any count of the indictment."

The judge refused so to rule ; and instructed the jury that, " if they found from the evidence, including the confession of

the defendant, that he had, on five different occasions within the period covered by the several counts, stolen articles described in the several counts of the indictment respectively, they would be authorized to render a verdict of guilty, and not otherwise."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*G. C. Bent,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

LORD, J. The statutes of this Commonwealth determine what shall be deemed aggravations of larceny. Gen. Sts. *c.* 161. By §§ 18, 21, the degree of punishment is fixed by the amount stolen. Section 16 provides the penalty for stealing from a building on fire, or property removed in consequence of an alarm of fire. Section 15 prescribes the punishment for stealing " in a building, ship or vessel." The amount stolen is not material under the last section cited. In this case the bill of exceptions states that at the trial " there was no question raised as to the ownership and value of the property described, nor as to the fact that it was stolen in the shop of said Rogers, if stolen at all." The aggravation is therefore established, if there was no error in the trial.

The first exception taken is to the admission of the defendant's confession, upon the ground that it appears that it was not voluntary. *Primâ facie,* all confessions are voluntary, and it is for the party objecting to their admission as evidence to show that they were uttered under such pressure of hope or fear as to raise a doubt of their accuracy. It is undoubtedly the duty of the court to guard carefully the rights of a defendant in this respect; and more especially so when the prisoner is in the custody of the law and the hopes or fears are supposed to be raised by an officer of the law. The fact that a defendant may think it will be better for him if he confesses, or thinks it will be worse for him if he does not confess, is immaterial, if that condition of mind is brought about by his own independent reasoning. It is when that state of mind is induced by promises or threats or other inducement from without, that the confession is to be rejected. In this case, there was no promise or threat; there was at the most only an implied belief that he was guilty and a desire that he should tell what he knew, all expressed in this language :

"I am satisfied that there are other receivers, whom we have not yet discovered. I should like to have you make a clean breast of it." In this there was nothing of threat or promise.

The case of *Commonwealth* v. *Cullen*, 111 Mass. 435, differs widely from the case at bar. In that case, it was decided that, if a defendant made a confession under such inducements held out by an officer as in law should exclude the confession, a subsequent confession made to another party was inadmissible, if in fact it was made because of such inducement; and that is all which the case decides.

The case of *Commonwealth* v. *Morey*, 1 Gray, 461, cited upon this point by the defendant, presented a much stronger case for the exclusion of the confession than the present; for among other things said to the prisoner, who was then in jail, was this, that "he thought it was better for all concerned, in all cases, for the guilty party to confess," and in that case the confession was held to be admissible.

The next objection is, that, the evidence being general, it could not be applied to any particular count of the indictment. This position is also untenable. Although it is necessary to allege in an indictment a time of the commission of an offence, that time need never be proved as alleged.

*Commonwealth* v. *Elwell*, 1 Gray, 463, stands upon entirely different principles. In that case, the charge against the defendant was that of being a common seller of intoxicating liquors. The offence was alleged to have been committed on the first day of January, and that day only was named. The court decided that the offence charged was that of having acquired a particular character, which could be acquired only by a succession of acts; and Dewey, J., in delivering the opinion, commented upon the unusual mode of declaring such offence to have been committed upon a day certain, when the very nature of the offence demanded a succession of acts to constitute it; and stated the familiar mode of declaring against such offence, by an averment that the character had been acquired by acts done on a certain day, and on divers days and times from said day to the day of finding the indictment; or upon a certain day and on divers days and times between such day and another subsequent day certain. In those cases, which stand upon peculiar rules, the

character must be acquired by acts proved to have been done within the prescribed times; and the pleader having elected to limit such time to a single day, he is equally bound to confine his evidence to the time declared. The court having previously decided that the character of a common seller might be acquired by acts done on a single day, the pleader elected that day as the time when the character was acquired. The judge, however, threw out the suggestion, but did not deem it necessary to the decision of the case, that even in such case it might be necessary further to allege that the party became a common seller by successive acts upon such day.

It not being necessary to prove the time as alleged, it was competent for the jury to apply the evidence to such counts of the indictment as it tended to support.

It was also contended that the evidence would not warrant the jury in convicting upon all the five counts of the indictment. That was a pure question of fact for the jury, if there was any evidence of five different larcenies. We think there was such evidence. The earliest time named in the indictment as the date of any larceny is May 1, 1877; the latest time is October 3, 1877, a period of over five months. The confession of the defendant was that, during the time covered by the indictment, he had stolen from the shop of Rogers at different times large quantities of the goods described in the indictment; that he had taken silver ware and clocks in his pocket and sold them to pawnbrokers for a trifle; and had taken baskets of crockery ware and other articles described in the indictment to a certain house in Boston; and there he and Williams always divided the proceeds when either assisted the other in a larceny; that some of the thefts were committed jointly with Williams, and that others he committed alone. Williams testified that he and the defendant had for a period of some months, at various times, stolen from the shop of said Rogers such goods as are described in the several counts of the indictment. It was certainly competent to submit to the jury upon this evidence whether five larcenies had been committed.

It is objected that the jury were not authorized to apply this evidence to any particular count of the indictment. This is also a question for the jury. The evidence was that such property

as was described in the several counts of the indictment was stolen. The identity of that stolen and that described was for the jury, no question of ownership or value being raised.

The farther question was made at the argument, whether this offence was properly described as larceny in a building. That question is not open upon the bill of exceptions.

                                        Exceptions overruled.