COMMONWEALTH *vs.* JAMES J. NOTT.

Suffolk.   Jan. 12. — June 21, 1883.   FIELD & W. ALLEN, JJ., absent.

The words, " You had better own up," followed by, " I was in the place when you took it; we have got you down fine; this is not the first you have taken; we have got other things against you nearly as good as this," spoken by one police officer to another, in a police station, and in the presence of the superior officer of the person addressed and of the speaker, who has detected him in the act of stealing, will render a subsequent confession of guilt by the accused person inadmissible at the trial of an indictment against him for the larceny.

That a police officer is present in a shop in the night-time when an article, which forms part of the stock in trade and is in its usual place therein, is stolen therefrom, he having been stationed there for the purpose of detecting the thief, will not have the effect to change the character of the offence from that of larceny in a building.

At the trial of an indictment for larceny, the defendant has no ground of exception to the exclusion of a paper, signed by the owner of the article stolen, in which he states that he is " content not to have the matter further prosecuted," and gives his reasons therefor.

At the trial of an indictment for larceny, the defendant has no ground of exception to the exclusion of the question, " Why did you not yourself swear to the original complaint ? " put, on cross-examination, to a witness who detected the defendant in the commission of the larceny.

INDICTMENT charging the defendant with the larceny, on June 22, 1882, at Boston, of five pounds of bacon, in a building of

· one Aaron Kimball. Trial in the Superior Court, before *Mason*, J., who allowed a bill of exceptions, in substance as follows:

Thomas Lowell, a police officer, was called as a witness for the government, and testified that the defendant, at the time alleged in the indictment, was a police officer, whose route included the building named in the indictment; that, in consequence of orders from his superior officer, the witness, on the night in question, by means of a key, entered said building and sat in a chair in a shop therein, in a position to watch, and for the purpose of watching; that said piece of bacon was then a part of the stock in trade in the shop, and was then hanging near a window opened at the top; that about one o'clock in the morning the defendant came along, put his hand in the opened window, and took the piece of bacon therefrom.

On cross-examination, the witness testified that he did not see the defendant's face very well, and did not see it so as to identify him, but saw his form and uniform; that he let him go, and about fifteen minutes afterwards met the defendant on the street with the bacon in his hand; that he said, "Where did you get that, Jim?" to which the defendant replied, "I found it on the street;" that the witness then suggested that he take it to the police station, to which the defendant readily assented, and, on arriving there, repeated the same statement to Lieutenant Johnson, the officer in charge; that thereupon the witness said, "Now, Jim, you had better own up. I was in the place when you took it. We have got you down fine. This is not the first you have taken. We have got other things against you nearly as good as this;"—that then the defendant "weakened," and asked the witness to drop it, and said he would resign, and the witness and the lieutenant could have the credit of catching him.

Lieutenant Johnson, the officer in charge, testified that he was present when the defendant came into the station with Lowell; that after the defendant's talk with Lowell he appeared broken down, and he, Johnson, then asked the defendant if he took the bacon out of the store, and the defendant said, "Yes, lieutenant, I did."

This witness also testified that he could not say that Lowell said, "You had better own up, Jim;" but, on cross-examination, testified that Lowell might have so said; that he did hear

Lowell say, " We have got other things against you nearly as good as this."

So much of this testimony as related to the confession was admitted against the objection of the defendant.

Aaron Kimball, another witness for the government, on cross-examination, was shown, and identified as his signature to the bottom thereof, the following paper: " Boston, Sept. 24, 1882. In the matter of the prosecution of James J. Nott, I, the person from whom the bacon was taken that he is charged with taking, am content not to have the matter further prosecuted. The amount taken was small, and I sympathize with his family. A. Kimball."

The defendant then offered this paper, and sought to read it to the jury, for the purpose of examining the witness in relation thereto; but the judge excluded the same.

While the witness Lowell was on the stand, his attention, on cross-examination, was called to the fact that the original complaint in the Municipal Court was sworn to by one Honey, a police officer, who, Lowell testified, was not present at the time of the alleged larceny, nor at either of the interviews with the defendant in reference thereto; and thereupon the defendant asked Lowell this question, " Why did you not yourself swear to the original complaint?" Upon objection by the government, the question was excluded.

The jury were instructed that the statements made by the defendant at the police station, in the nature of a confession, could not be considered by them, unless such statements were made voluntarily; that if they were induced by threats, or by any promise of favor, they were not in law voluntary; and that, upon the evidence, it was a question of fact for the jury whether these statements were so induced.

The defendant contended that, upon the testimony, the offence, if any was committed, was simple larceny only. The judge instructed the jury that, upon the evidence, the offence, by whomsoever committed, was larceny in a building.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*M. Fischacher*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

C. ALLEN, J.   The words, " You had better tell the truth," have sometimes been held or said to render a subsequent confession inadmissible, because they would probably be understood to mean that it would be better to say something, and that " the truth " in the mind of the speaker implied a confession of guilt. *The Queen* v. *Jarvis*, L. R. 1 C. C. 96, 99.   *Regina* v. *Fennell*, 14 Cox C. C. 607.   *Regina* v. *Doherty*, 13 Cox C. C. 23.   But similar words, when not implying that the speaker expected a confession, but only the truth, have been held or said not to render a subsequent confession inadmissible.   *The Queen* v. *Reeve*, L. R. 1 C. C. 362; *S. C.* 12 Cox C. C. 179.   Pollock, C.B., in *Regina* v. *Baldry*, 5 Cox C. C. 523, 529.   In the present case, the words used were, in the first place, " You had better own up ; " and these were equivalent to saying " You had better confess."   The words which follow imply that denial would be useless, because the defendant had been seen to do the act.   Finally, there was an intimation that other criminal acts could be proved against him.   These words were spoken before an arrest, to be sure, but by a police officer, in the police station, and in the presence of the officer in charge, who appears to have been the common superior of the speaker and of the defendant.   They were not simply an admonition to tell the truth, but they held out an inducement to make a confession of guilt.   The confession, therefore, should have been excluded ; and, on this ground only, the exceptions must be sustained.

The offence was properly held to be larceny in a building. The presence of Lowell in the room, for the purpose of watching, under the circumstances stated, would not have the effect to change the character of the offence, any more than if he had been in some position of observation outside of the shop.   The property stolen was in the protection of the building ; it belonged in the shop ; it was a part of the stock in trade, and was in its own place, and was not immediately or in any special sense under the care or eye of Lowell.   In this respect, this case differs from *Commonwealth* v. *Lester*, 129 Mass. 101.

The other exceptions contain nothing calling for any particular comment, and are overruled.        *Exceptions sustained.*