## COMMONWEALTH *vs.* JOHN KENNEDY.

Hampden.    Sept. 25. — Oct. 19, 1883.    FIELD & W. ALLEN, JJ., absent.

While a person was under arrest for the larceny of two barrels of whiskey, the arresting officer told him " that they had evidence enough to bind him over, that they had found one barrel of the whiskey and the other would do him no good, and that he better tell, or might as well tell, him where the other barrel was ; " and the accused person thereupon admitted that he took the whiskey, and told the officer where the barrel could be found.   On the trial of the person for larceny, at the close of all the evidence, the defendant asked the judge to rule that the admission of the defendant to the officer should not be considered by the jury.   The judge declined so to rule, but instructed the jury that, if they found that the officer said in substance, " We have found one barrel of the whiskey, and it will be better for you to tell where the other is," the jury should disregard the admission altogether.   *Held*, that the defendant had no ground of exception.

INDICTMENT alleging that the defendant and Michael Reilly, on October 21, 1882, at Chicopee, broke and entered a railroad car of the Connecticut River Railroad Company, and stole and carried away therefrom two barrels of whiskey.   Trial in the Superior Court before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows :

There was evidence that two barrels of whiskey were stolen from the car.   One George McQueen, a police officer of Chicopee, was called as a witness for the government, and testified that he arrested the defendant; that the defendant knew he was an officer, and had a warrant for his arrest for the offence charged in the indictment; that, while the defendant was under arrest, the witness told him that they had evidence enough to bind him over, that they had found one barrel of the whiskey, and the other would do him no good, and that " he better tell him " where the other barrel was ; and that thereupon the defendant, after some hesitation, said that he and Reilly took the whiskey, and that the barrel in question was left by them in a place which the defendant then designated.   On cross-examination, the witness was asked if he did not say to the defendant that it would be better for him to tell where the other barrel was ; and the witness replied that his language was that " he better tell," or that " he might as well tell."

After the evidence on both sides was closed, the defendant asked the judge to rule that the admission made by the defendant to the officer should not be considered by the jury.

The judge declined so to rule, but instructed the jury that, if they found that the officer said to the defendant, in substance, " We have found one barrel of the whiskey, and it will be better for you to tell where the other is," they ought not to consider such admission, but should disregard it altogether. The judge gave other full and appropriate instructions as to the caution with which confessions of guilt should be weighed, when made by a person under arrest to the officer having him in custody; and instructed the jury to disregard the alleged confession of the defendant, unless they were satisfied that it was made deliberately and voluntarily, and uninfluenced by anything said by the officer having him in custody, and which was understood by the defendant to be a threat or a promise of favor.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*E. H. Lathrop*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

COLBURN, J. The testimony of McQueen as to the confession of the defendant appears to have been admitted without objection, and apparently no objection was made to its admission until the evidence in the case on both sides was closed; and it does not appear that anything was disclosed in the case which tended to render the confession inadmissible, which was not known at the time the testimony was given.

At the close of all the evidence in the case, we do not think the defendant was entitled, as of right, to request, for the first time, an instruction to the jury that they should not consider the confession, and to except if the instruction was refused, though he was entitled to have the jury instructed as to the rules of law governing the admission of confessions, and the grounds upon which they should disregard or might consider them. But as it does not appear that the request was refused for the reason that it was unseasonable, we prefer not to decide the case upon that ground.

We do not think it was so apparent that the confession was probably induced by any fear of personal injury, or hope of

personal advantage, that the court was required to instruct the jury not to consider it. *Commonwealth* v. *Morey*, 1 Gray, 461. *Commonwealth* v. *Whittemore*, 11 Gray, 201. *Commonwealth* v. *Sego*, 125 Mass. 210.

In form at least, if not in substance and effect, the officer addressed the argument to the defendant, that as they had evidence enough to bind him over, and had found one of the barrels of whiskey, and he would probably be in confinement, so that he could make no use of the other barrel, " he had better tell him," or " he better tell," or " he might as well tell," where it was, not because it would make any difference to him, but in order that the owner might recover it. The distinction between this case and *Commonwealth* v. *Nott*, *ante*, 269, is obvious.

The defendant in his brief appears to contend that the statement made to the defendant, that they had evidence enough to bind him over, and had found one of the barrels of whiskey, was false ; but the exceptions show nothing to lead us to that conclusion.

If the defendant was not entitled to the instruction asked for, the instructions given were sufficiently favorable to him.

*Exceptions overruled.*