## COMMONWEALTH vs. RICHARD PREECE & others.

Hampshire.    Sept. 15. — Oct. 26, 1885.    FIELD, C. ALLEN, & GARDNER, JJ., absent.

Three boys were arrested upon a charge of arson. One of them was taken into the presence of three officers, and made a confession. At the trial, one of the officers testified: " I did not tell him he had better tell him about it. I think W. [one of the other officers] said he had better." W. testified that " he did not say to the boy that he had better tell the truth, but that he might have told him to tell the truth." The other boys denied their guilt; but, upon being confronted with the first boy, and hearing his statement, they confessed. *Held*, that it could not be said, as matter of law, that the confessions were not admissible.

At the trial of an indictment for arson, alleging that the building burnt was owned by the N. Company, and occupied as a warehouse by the W. Company, a registered copy of the deed to the N. Company is admissible, and, together with evidence that the N. Company had orally leased the building to the W. Company, is sufficient proof of the ownership and possession of the building alleged in the indictment.

INDICTMENT, against Richard Preece, James Burns, and Erick Guerin, alleging that they, on October 27, 1883, in the night-time of said day, at Northampton, feloniously burnt " a certain building, to wit, a warehouse, the property of the New Haven and Northampton Company, a corporation duly organized under the laws of the Commonwealth, . . . . and occupied as a warehouse by the Williams Manufacturing Company, a corporation duly organized under the laws of said Commonwealth." At the trial in the Superior Court, before *Rockwell*, J., the jury returned a verdict of guilty against each defendant; and they alleged exceptions, the nature of which appears in the opinion.

*J. B. O'Donnell*, for the defendants.

*E. J. Sherman*, Attorney General, for the Commonwealth.

MORTON, C. J. The principal question in the case is as to the admissibility of the confession of the defendant Burns. The rule is well established that, to be admissible, a confession must be the free and voluntary confession of the defendant. If it is induced by any promises or threats of one in authority over the defendant, it is incompetent. When a confession is offered in evidence, the question whether it is voluntary is to be decided primarily by the presiding justice. If he is satisfied that it is voluntary, it is admissible; otherwise, it should be excluded.

When there is conflicting testimony, the humane practice in this Commonwealth is for the judge, if he decides that it is admissible, to instruct the jury that they may consider all the evidence, and that they should exclude the confession, if, upon the whole evidence in the case, they are satisfied that it was not the voluntary act of the defendant. *Commonwealth* v. *Cuffee*, 108 Mass. 285. *Commonwealth* v. *Nott*, 135 Mass. 269. *Commonwealth* v. *Smith*, 119 Mass. 305.

In the case at bar, the defendant Burns was taken into the presence of three officers. Munyan, one of the officers, testified: "I did not tell him he had better tell about it. I think Mr. Wright [one of the other officers] said he had better." Wright testified, that "he did not say to Burns that he had better tell the truth, but that he might have told him to tell the truth." If either officer had said to Burns, "You had better tell the truth," or, "You had better tell about it," we should be of opinion that the confession would be incompetent, because such language, in the connection in which, according to their testimony, it was spoken, would naturally convey to the mind of Burns the idea that he would gain some advantage if he confessed his guilt. *Commonwealth* v. *Nott*, *ubi supra*. But, on the other hand, if the officer merely asked him to tell the truth, this would not imply that the officer promised any advantage if he confessed.

As the evidence was conflicting, we cannot say, as matter of law, that the decision of the presiding justice of the Superior Court, admitting the evidence, was erroneous.

Nor can we see any evidence that the defendant Burns was induced by any acts of the officers to make a confession through

fear. The kind of fear must be something more than the fear which is produced by the fact that the defendant was accused of a crime, and was arrested or taken into custody. *Commonwealth v. Smith, ubi supra. Commonwealth v. Mitchell*, 117 Mass. 431. There was no evidence of any threats made by the officers, or of any acts on their part to induce him to confess that he was guilty when in fact he was not guilty. The bill of exceptions does not show what instructions were given, and it is to be presumed that the presiding justice properly left it to the jury to determine whether the confession was voluntary, with instructions to disregard it if it was not.

The evidence does not show any promises or threats made to the other defendants. They at first denied their guilt; but, upon being confronted with Burns, and hearing his statement, they confessed. Whether it is just and humane to take into custody young boys suspected of a crime, and, apart from their parents and friends, and without warning them that they are not obliged to criminate themselves, to worm out of them a confession, is not for our consideration. A confession obtained in this manner cannot be said, as matter of law, to be inadmissible, but must be left to the jury to be weighed and considered.

The registered copy of the deed to the New Haven and Northampton Company was competent evidence, as the deed was not in the control of the government, nor of the defendant, so that it could be produced on notice. *Commonwealth v. Emery*, 2 Gray, 80. This deed, together with the testimony that the New Haven and Northampton Company had orally leased the building to the Williams Manufacturing Company, was sufficient proof of the ownership and possession of the building alleged in the indictment. *Exceptions overruled.*