## COMMONWEALTH *vs.* CHARLES P. MYERS.

Norfolk. January 29, 1894. — February 27, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, & MORTON, JJ.

*Larceny — Confession — Evidence.*

A confession, made by a person who has been arrested for larceny to a police officer who has him in his custody in the lock-up, and in response to a remark by the officer to him that "he had better tell the truth," is inadmissible at the trial of an indictment against him for the larceny.

A person who had been arrested for the larceny of some whiffletrees made a confession to the police officer who had him in his custody in the lock-up, in response to the officer's remark to him that "he had better tell the truth." At the trial of an indictment against him for the larceny, this confession was excluded. The owner of the property stolen was allowed to testify that he was present, on the next day after the arrest, when the defendant was arraigned in the district court; that when the defendant was asked whether he was guilty or not guilty, he said "he did not know anything about the whiffletrees"; that the officer to whom the alleged confession was made thereupon asked the defendant "if he was not there when they were taken, and he said he was there, but did not go into the barn"; that the officer then asked him, "Did n't you stay outside?" and he said "Yes"; and that he then asked him "if he waited for" another person named "to bring out the stuff and went with him and hid them up," and he said, "Yes." *Held,* that the evidence was properly admitted.

INDICTMENT, for the larceny of two whiffletrees, the property of Edwin V. Kinsley, on September 22, 1893, at Canton. Trial

in the Superior Court, before *Bond*, J., who allowed a bill of exceptions, in substance as follows.

The government offered in evidence an alleged confession of the defendant to one Richard Vanston, a police officer in the town of Stoughton. The officer testified that he made the arrest of the defendant and one Sylvester, who was joined with the defendant in the indictment, upon the night of October 2, 1893; that he took the defendant to the lock-up in Stoughton; and that the defendant at first denied any knowledge of the alleged larceny. The officer further testified that, having the defendant in his custody in the lock-up, " I told him he had better tell the truth." The confession alleged to have been made to the officer at that time was thereupon excluded.

The government then called Edwin V. Kinsley, the owner of the property, who testified that he was present the next day, October 3, in the District Court of Southern Norfolk, when the defendant was arraigned; that the defendant was in the dock, and was asked whether he was guilty or not guilty, and he said " he did not know anything about the whiffletrees "; that Vanston, the officer to whom it was alleged the defendant made the confession the night before, thereupon asked the defendant " if he was not there when they were taken, and he said he was there, but did not go into the barn "; that the officer then asked him, " Did n't you stay outside ? " and he said, " Yes "; and that he then asked him " if he waited for Sylvester to bring out the stuff and went with him and hid them up," and he said, " Yes."

The defendant objected to the admission of Kinsley's testimony, as above stated, but the judge admitted it; and the defendant excepted.

There was no other evidence to connect the defendant with the crime.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*T. E. Grover & A. C. Smith*, for the defendant.

*R. O. Harris*, District Attorney, for the Commonwealth.

MORTON, J. The exclusion of the confession made to Vanston on the night of the arrest was correct. *Commonwealth* v. *Nott*, 135 Mass. 269. *Commonwealth* v. *Preece*, 140 Mass. 276. The point now is whether the questions to the defendant by the

same officer, and the defendant's answers thereto the next day
in the district court, as testified to by a witness who heard
them, were rightly admitted.  It may be fairly assumed that
the defendant was, to some extent at least, induced to answer
as he did by Vanston's knowledge derived from what he had
himself told him.  But the question is whether the answers
were voluntary, or were made under the influence of what the
officer had told him the night before when he said to him
that he had better tell the truth.  At the time of making the
answers the defendant had been arraigned, and was in open
court.  It does not appear at what time of night he was
arrested, or at what time of day he was arraigned.  But a num-
ber of hours had passed since the remark of the officer, and he
had had abundant opportunity for reflection and consideration.
When asked if he was guilty or not guilty, instead of answer-
ing directly, he said voluntarily that "he did not know anything
about the whiffletrees."  Thereupon, in the presence of the jus-
tice, and without objection from him, the officer asked the ques-
tions, and the defendant made the answers, which were testified
to.  No inducement was then held out to him.  He was not obliged
to answer if he did not choose to.  He could have applied to the
court, if he had seen fit, for protection.  He did not do so.  He
appears to have answered the questions freely, voluntarily, and
truthfully, and so far as the evidence discloses without relying
upon or even remembering the words of the officer the night
before.  Confessions are not to be excluded because they are
the admissions of a person charged with the commission of a
crime, but only where the circumstances are such under which
they are made that a reasonable presumption arises that they
may have been induced by a promise or threat from one in
authority, and consequently are open to the objection that they
may not be true.  *Commonwealth* v. *Sego*, 125 Mass. 210, 213.  *Com-
monwealth* v. *Preece, ubi supra.*  There are many cases in which
confessions made originally under the influence of a promise or
threat, and then repeated, have been excluded, because of the
presumption that, under the circumstances of the case, the party
in making them was influenced by the original promise or
threat.  There are also many cases where such confessions have
been admitted on the ground that there was no reasonable pre-

sumption that the threat or promise operated to induce them. It would serve no useful purpose to attempt to review, or consider, or reconcile all of these cases, if that were possible. For a collection of them, see 3 Am. & Eng. Encyc. of Law, 439 *et seq.* We think that this case comes within the latter class, and that the circumstances were not such as to afford a reasonable presumption that the defendant's answers were influenced by the remark made to him by Vanston, and that therefore they must be regarded as made voluntarily. If they had been made to another officer, we presume no question would have been raised as to their admissibility. We do not think that, under the circumstances, the fact that they were made to the same officer to whom the original confession was made, and who then held out the inducement, renders them incompetent. See *Commonwealth* v. *Morey*, 1 Gray, 461; *Commonwealth* v. *Whittemore*, 11 Gray, 201; *Commonwealth* v. *Cuffee*, 108 Mass. 285 ; *Commonwealth* v. *Crocker*, 108 Mass. 464 ; *Commonwealth* v. *Mitchell*, 117 Mass. 431, 432 ; *Commonwealth* v. *Smith*, 119 Mass. 305 ; *Commonwealth* v. *Sego*, 125 Mass. 210, 213 ; *Commonwealth* v. *Flagg*, 135 Mass. 545.                              *Exceptions overruled.*