COMMONWEALTH *vs.* GEORGE BURROUGH.

Suffolk.    November 26, 1894. — January 1, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Right of Defendant in Criminal Case to make unsworn Statement to Jury —
Confessions — Question for Jury.*

A person on trial for a crime not capital, who is defended by counsel, has no right
to make an unsworn statement of facts to the jury.

The fact, at the trial of an indictment, that the defendant had been called upon by
·the presiding justice of the Municipal Court of Boston while a complaint was
pending against him in that court upon the charges contained in the indictment,
and during proceedings in that court against other defendants who were charged
in another complaint with the offence described in the second count of the indict-
ment, to tell the justice of the Municipal Court about the defendant's connec-
tion with the cases, and that thereupon the defendant testified in the case
against the other persons so charged, does not entitle him to be discharged from
the prosecution.

Where the evidence is conflicting, the question whether alleged confessions were or
were not voluntary is rightly left to the jury.

INDICTMENT, for two distinct offences of breaking and enter-
ing a building with intent to commit larceny, and committing
larceny therein.    At the trial in the Superior Court, before
*Bishop*, J., the accused was defended by counsel; the jury re-
turned a verdict of guilty on both counts; and the defendant
alleged exceptions.

*J. E. Bates*, for the defendant.

*M. J. Sughrue*, First Assistant District Attorney, for the
Commonwealth.

BARKER, J.    1. The defendant had no right, without being
sworn as a witness, to make a narrative statement to the jury,
or to tell them his side of the story.    *Commonwealth* v. *McCon-
nell, ante,* 499.    The refusal of the court to permit him to make
any statement to the jury except by way of argument, unless he
was first sworn as a witness in his own behalf, was correct, as
was the final exclusion of his proposed statement when he de-
clined either to be sworn or to argue the case.

2. The fact that the defendant had been called upon by the pre-
siding justice of the Municipal Court of Boston, while a complaint

was pending against him in that court upon the charges contained in the present indictment, and during proceedings in that court against other defendants who were charged in another complaint with the offence described in the second count of the indictment, to tell the justice of the Municipal Court about the defendant's connection with the cases, and that thereupon the defendant testified in the case against the other persons so charged, did not entitle him to be discharged from the prosecution. The Commonwealth was not represented in the proceedings before the Municipal Court by its prosecuting officers; and it is unnecessary to consider the effect of the use by such an officer of the testimony of one also charged with the offence.

3. Before the hearing in the Municipal Court the defendant had made certain confessions to the police officer by whom he was arrested, and the officer testified that before they were made he said to the defendant that he had better tell all he knew about the supposed offences. But there was also evidence from another police officer, who was present during the whole interview, tending to show that no such statement was made to the defendant, and that no threat or inducement was held out to him before he made the alleged confessions. There was no evidence that any inducement or threat was used by the justice of the Municipal Court to induce the defendant to give his testimony, which was given on the day following the alleged confession to the arresting officer. The case is thus the ordinary one of conflicting evidence upon the question whether alleged confessions were or were not voluntary, and as it was left to the jury under proper instructions,* the defendant has no ground of exception. *Commonwealth* v. *Preece,* 140 Mass. 276.

*Exceptions overruled.*

---

* The judge called the attention of the jury to the fact that McGarr, one of the officers, had testified in one way, and Whitman, the other officer, in another way, as to what was said, and instructed the jury that, if they found the fact to be as stated by Whitman, that he had said to the defendant before the confessions were made that he had better tell all he knew about it, they should not consider the testimony of either McGarr or Whitman.