COMMONWEALTH *vs.* JENNIE SHEEHAN & another.

Middlesex.    January 28, 1895. — February 28, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Confession — Evidence.*

At the trial of a criminal case it appeared that the defendant had a conversation at the police station with the chief of police, who, before testifying as to the conversation, testified that no inducement or promise was held out to the defendant and no threats were made, and that the defendant said what he did freely and voluntarily ; and the exceptions recited that "full and appropriate instructions were given to the jury." *Held,* that the defendant had no ground of exception.

INDICTMENT against Jennie Sheehan and Peter Gauthier for adultery.    At the trial in the Superior Court, before *Fessenden,* J., it appeared in evidence that the defendants were arrested at the same time and were taken to the police station, and that while there the defendant Sheehan had a conversation with the chief of police, who, before he was allowed to testify as to the conversation, testified that no inducement or promise was held out to the defendant and that no threats were made, and that the defendant said what she did freely and voluntarily.    This was all the evidence offered or heard upon the question of the competency of the evidence as to the conversation.

The defendant Sheehan objected to the admission of the evidence of the conversation.    The judge admitted it ; and the defendant Sheehan excepted.

Full and appropriate instructions were given to the jury.

The jury found the defendants guilty ; and the defendant Sheehan alleged exceptions.

*A. V. Lynde,* for the defendant Sheehan.

*F. N. Wier,* District Attorney, for the Commonwealth.

MORTON, J.    The exceptions state that "full and appropriate instructions were given to the jury."    It must be assumed, therefore, that the jury were appropriately instructed regarding the weight to be given to any statements or confessions made by the defendant Sheehan to the chief of police.    There is nothing

tending to show that the statements and confessions were not admissible.  *Commonwealth* v. *Myers*, 160 Mass. 530.  The exception to the admission of the conversation between the defendants has not been argued, and must be understood as waived.

*Exceptions overruled.*