COMMONWEALTH *vs.* WILLIAM DEVANEY & another.

Suffolk.     May 21, 1902. — June 18, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Evidence*, Admissions and confessions, Of acts of an accomplice. *Witness*.

Where there is no evidence that any threats or promises were made, it is not a sufficient ground for excluding an admission of a defendant in a criminal case that the statement was made to a police officer while the defendant was under arrest, especially where it appears that the defendant had been cautioned that what he said might be used for or against him in court.

In a trial for robbery if first it is shown that a person other than the defendant who was indicted jointly with him but not apprehended was one of the men who committed the robbery and was an accomplice, evidence then is admissible that the accomplice two weeks before the robbery had no money and that the evening after the robbery he was in a bar room displaying considerable money and treating and paying for drinks, the jury being instructed that they should consider this evidence as bearing upon the defendant's guilt only in case they found that the person described was an accomplice.

In a criminal trial the government is not bound by the testimony of its own witnesses as to any particular fact but may show by other witnesses that the fact was otherwise.

In a criminal trial statements of a defendant material and intentionally false are admissible as admissions by conduct from which the defendant's guilt may be inferred. Thus in a trial for robbery where the defendant has testified that he knew that the person robbed and a police officer were in search of a man who drove a gray horse and has admitted that on the night of the robbery he drove the person robbed in a coupé drawn by a gray horse, it can be shown,

that after his arrest the defendant asserted that on the night of the robbery he drove a dark horse and also that he denied ever having seen the person robbed before he was confronted with him.

INDICTMENT, found and returned December 7, 1901, jointly against the defendant and one Haley, who was not apprehended, for robbery from the person of one Galant.

At the trial in the Superior Court before *Lawton,* J., the defendant was found guilty ; and thereafter alleged exceptions.

*J. A. McGeough,* for the defendant Devaney.

*J. D. McLaughlin,* Second Assistant District Attorney, for the Commonwealth.

LATHROP, J. The defendant Devaney was jointly indicted with one Haley for the robbery of $180 from one Galant. Haley was not arrested, and Devaney was tried alone. He was found guilty, and the case is before us on certain exceptions to the admission of evidence, and to the instructions of the court. We will consider these in their order.

1. The first exception relates to the admission in evidence of conversations between the defendant and certain police officers, after the defendant's arrest. There was no evidence that any threats or promises were made, and the only objection made at the trial was that the defendant was under arrest. This was no ground of objection, and it moreover appears that the defendant had been cautioned that what he would say might be used for or against him in court. *Commonwealth v. Cuffee,* 108 Mass. 285. *Commonwealth* v. *Sego,* 125 Mass. 210. *Commonwealth* v. *Preece,* 140 Mass. 276. *Commonwealth* v. *Myers,* 160 Mass. 530. *Commonwealth* v. *Robinson,* 165 Mass. 426. *Commonwealth* v. *Wesley,* 166 Mass. 248. *Commonwealth* v. *Williams,* 171 Mass. 461. *Commonwealth* v. *Storti,* 177 Mass. 339, 343.

2. The robbery was on a Saturday evening, and there was evidence that the defendant and one other person were engaged in it. The government contended that this other person was Haley. The defendant knew Haley, and admitted meeting him that evening. There was evidence admitted without objection that Haley two weeks before the robbery had no money. The defendant objected to the admission of evidence that, on the Monday evening after the robbery, Haley was in a bar room displaying considerable money, and treating and paying for drinks.

The bill of exceptions does not purport to state all the evidence bearing upon Haley's complicity in the crime. If he had been on trial, the fact that he had recently come into possession of money would have been competent, whatever its weight might have been. *Commonwealth* v. *O'Neil,* 169 Mass. 394. *Commonwealth* v. *Williams,* 171 Mass. 461. If he were an accomplice, the evidence was competent against the defendant. *Commonwealth* v. *Billings,* 167 Mass. 283. The jury were specially instructed that, before considering the testimony as to Haley, they must first be satisfied that he was one of the men who committed the robbery and was an accomplice of the defendant; that if they did not find Haley to be an accomplice they should reject and not consider the testimony in relation to him, but if they did find that he was the defendant's accomplice, they might consider it as bearing upon the defendant's guilt. There is nothing to show that the evidence was not admissible.

3. Galant identified the defendant as one of the men who robbed him. Lyons, a stable keeper, from whom the defendant hired a horse and coupé, was a witness for the government. On cross-examination he testified that Galant identified him, Lyons, as the driver of the coupé and as one of the men who robbed him. To meet this evidence, the government was allowed to show by a police officer who was present at the time that Galant did not say that Lyons was the driver or one of the robbers. The government was not bound by the testimony of Lyons as to any particular fact, and might show that the fact was otherwise. *Brolley* v. *Lapham,* 13 Gray, 294. *Whitney* v. *Eastern Railroad,* 9 Allen, 364. *Commonwealth* v. *Burrough,* 162 Mass. 513.

4. The remaining exception relates to a portion of the judge's charge. The defendant after his arrest asserted that on the night of the robbery he drove a dark horse. He also denied that he had ever seen Galant before he was confronted with him. Subsequently he admitted having driven Galant on the night of the robbery in a coupé drawn by a gray horse. The jury were instructed that if they should find that the defendant intentionally misstated material facts they would have a right to take such misstatements as admissions of guilt.

There can be no doubt that the statements made by the defendant were material, and that they were false. If they were intentionally false, they tended to show the guilt of the accused. He testified that he knew at the time that Galant and the police officer were in search of a man who drove a gray horse. To divert suspicion from himself, he said that he was driving a dark horse that night and had never seen Galant before. There can be no question of the admissibility of the evidence, and this is conceded by the defendant's counsel. _Commonwealth_ v. _Webster_, 5 Cush. 295, 316; _S. C._ reported by Bemis, 495, where the charge by Chief Justice Shaw is more fully stated. _Commonwealth_ v. _Trefethen_, 157 Mass. 180, 199. _Commonwealth_ v. _Smith_, 162 Mass. 508. _Wilson_ v. _United States_, 162 U. S. 613. _People_ v. _Arnold_, 43 Mich. 303. _State_ v. _Robinson_, 117 Mo. 649, 664. _Walker_ v. _State_, 49 Ala. 398.

The ground upon which such evidence is admissible is that it is an admission by conduct from which the guilt may be inferred. It is of course not conclusive, and the weight to be given to it is to be determined by the jury. See cases above cited and _Moriarty_ v. _London, Chatham, & Dover Railway_, L. R. 5 Q. B. 314.

The judge in the case before us used the word "admissions" in this sense, and not as meaning "confessions." If the defendant wished more specific instructions on this point, he should have asked for them. Indeed it does not appear from the bill of exceptions that further instructions were not given on this point.

<em>Exceptions overruled.</em>