## COMMONWEALTH *vs.* FELIX ANTAYA.

Worcester.    September 29, 1903. — October 22, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Evidence,* Admissions and confessions.

Whether a confession was voluntary is primarily a question for the presiding judge, who, if he admits the evidence, must submit the question finally to the jury.

In a trial for larceny the judge admitted a confession made by the defendant at a police station. Subsequently it appeared that after a part of the conversation in which the confession was made had taken place, a police officer present told the defendant that "it would be better for him and all concerned to tell the truth." The government witnesses testified that this remark was after the confession. The defendant testified that it was before parts of the confession had been made. The defendant asked to have the whole confession excluded. The judge instructed the jury not to consider any of the conversation which they found to be subsequent to the officer's remark. In this court the defendant contended, that it was the duty of the judge to pass upon the confession as a whole, and not to leave the question of the dividing line to the jury. *Held,* that, even if this point, which seemed not to have been taken at the trial, was open to the defendant, the fair inference was that on the preliminary question of admission the judge had found that the whole confession was made before the officer's remark, and that the submission of the question finally to the jury was in accordance with the established practice.

It is no ground for excluding a confession that immaterial parts of the conversation in which the confession occurred may have been omitted from the evidence.

INDICTMENT for larceny returned May 15, 1902.

The defendant was tried in the Superior Court before *Hardy,* J. At the close of the evidence the defendant requested the judge to make the following rulings, which are referred to in the opinion : " First. That the statements of the defendant at the police station cannot be considered by the jury as evidence against the defendant. Second. If the jury find that a full statement of what was said by the defendant and the others present at the interview, at the police station, has not been given in evidence, and that some of the statements have been omitted, then the statements of the defendant cannot be considered." The judge refused to rule as requested.

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*C. C. Milton, H. H. Thayer & J. P. Morrissey,* for the defendant.

*R. Hoar,* District Attorney, *& G. S. Taft,* Assistant District Attorney, for the Commonwealth.

HAMMOND, J.　When a confession is offered in evidence, the question whether it is voluntary is to be decided primarily by the presiding judge. If he is satisfied that it is voluntary it is admitted, otherwise it is rejected. But even if it is admitted, the jury may disregard it if they are not satisfied that it is voluntary. *Commonwealth* v. *Preece,* 140 Mass. 276. *Commonwealth* v. *Bond,* 170 Mass. 41. *Commonwealth* v. *Reagan,* 175 Mass. 335, and cases cited.

In putting in its case the government introduced two witnesses who, against the objection of the defendant, were allowed to testify to certain statements made by him in the nature of a confession. It is to be assumed that at the time this evidence was offered the presiding judge, upon the case as it then stood, was of opinion that the confession was voluntary. It was therefore properly admitted at that stage of the case, unless as matter of law the judge was not justified in coming to that conclusion. *Commonwealth* v. *Bond,* 170 Mass. 41, 43. Without here reciting the evidence in detail, it is sufficient to say that it amply warrants the conclusion. The first request therefore was properly refused.

It subsequently appeared that one Shea, a police officer, " took part, after a while, in the conversation with " the defendant, and told him " it would be better for him and all concerned to tell the truth." The government witnesses testified that Shea did not say this to the defendant until the latter had made the whole confession testified to by them. The defendant testified that Shea's statement was made earlier in the conversation, and before parts of the confession put in by the government had been made. Upon this the jury were instructed not to consider any of the conversation which they found to be subsequent to the statement of Shea.

It is now argued by the defendant that it was the duty of the judge either to pass upon the confession as a whole, or to designate what part was made before Shea's statement and to admit only that part; and that the action of the judge in leaving to

the jury the question of the dividing line was wrong. It is, to say the least, doubtful whether this point is open to the defendant upon this record. He was trying to have the whole confession excluded, and the instruction to the jury to disregard the portion made after Shea's statement was to that extent favorable to him. The judge was not asked to find the dividing line, and the defendant does not appear to have excepted to this method of leaving the question to the jury except so far as it was inconsistent with the request that the whole be excluded. But if the point be open, the obvious answer is that even if it was the duty of the judge to pass upon the question as a whole, there is nothing in the record to show that he did not do it. Indeed the fair inference from the record is that so far as respected the preliminary question of admission he was of opinion that the whole confession was made prior to Shea's statement. Since however the jury had the right to pass finally upon that question, the matter was left to them, and they were instructed to act as they should find the facts to be. This was in accordance with the well established practice. *Commonwealth* v. *Cuffee*, 108 Mass. 285. See also cases cited in *Commonwealth* v. *Reagan*, 175 Mass. 335.

The second request would have required the jury to reject the confession even if any part of the conversation in no way material to the questions involved had been omitted from the evidence. It was therefore rightly refused.

*Exceptions overruled.*