COMMONWEALTH *vs.* WILLIAM J. COYNE.

Bristol.    October 25, 1910. — November 21, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Criminal,* Election by Commonwealth, Waiver, Exceptions. *Election. Waiver.  Intoxicating Liquors.*

At the trial of a complaint under R. L. c. 100, § 62, charging the defendant in a single count with making an unlawful sale of intoxicating liquor to a minor, if the evidence of the Commonwealth tends to prove two distinct sales on different days, the defendant has the right before opening his defense to require the Commonwealth to elect upon which of the sales it intends to rely for a conviction.

At the trial of a complaint under R. L. c. 100, § 62, charging the defendant in a single count with making an unlawful sale of intoxicating liquor to a minor, if the evidence of the Commonwealth tends to prove two distinct sales on different days, and the defendant before opening his case moves that the Commonwealth be required to elect upon which of the sales it intends to rely for a conviction, and the presiding judge erroneously denies the motion, the defendant by omitting to take an exception to the denial of his motion and proceeding to put in his evidence does not waive the right to renew his motion at the close of all the evidence and before the beginning of the arguments, and his exception to a denial of his motion by the judge at that time will be sustained.

At the trial of a complaint under R. L. c. 100, § 62, charging the defendant in a single count with making an unlawful sale of intoxicating liquor to a minor, if the evidence of the Commonwealth tends to prove two distinct sales on different days, an error of the presiding judge, in denying a motion of the defendant that the Commonwealth be required to elect upon which of the sales it intends to rely for a conviction, is not cured, after the counsel for the defendant has been

obliged to argue that there was no sale on either of the two days, by a volun-
tary concession of the district attorney in his closing argument that he will ask
for a conviction only upon proving a sale on a certain one of the two days and
by an instruction to the jury that by reason of this concession the jury can
convict the defendant only of the single offense relied upon, because the defend-
ant already has suffered the disadvantage of his counsel being obliged to argue
that there was no sale on either of the two days.

COMPLAINT, received and sworn to in the Second District
Court of Bristol on March 9, 1908, under R. L. c. 100, § 62, charg-
ing, in a single count, that the defendant at Fall River on Feb-
ruary 15, 1908, " did then and there sell intoxicating liquor, to
one William P. Wetherell, he the said Wetherell being then
and there a minor, under the age of twenty-one years, the said
Coyne not having then and there any license, authority or ap-
pointment according to law, to make such sale."

In the Superior Court the defendant was tried before *Ray-
mond*, J.   There was evidence tending to show a sale of liquor
by the defendant to the minor, when he was in the company of
certain persons, on Tuesday February 11, 1908.   There also
was evidence tending to show another sale of liquor by the de-
fendant to the minor, when he was in the company of different
persons, on the Friday afternoon following the Tuesday named.

At the close of the evidence of the Commonwealth the defend-
ant asked the judge to compel the Commonwealth to elect upon
which offense, the one on Tuesday or the one on Friday, it would
rely, but the judge refused to compel the Commonwealth to elect.
The defendant then testified in his own behalf and denied that
he ever sold liquor to the alleged minor or to any of the wit-
nesses.   At the close of all the evidence the defendant again
asked the judge to compel the Commonwealth to elect upon
which offense it would rely, but the judge refused to compel
the election, and the defendant excepted.   The defendant's
counsel then proceeded with his argument and discussed the
evidence bearing upon the alleged sale to the minor on Tues-
day and the alleged sale on Friday, and said that he understood
that the judge would allow them to convict the defendant if
they found that either sale was made.   The district attorney, in
closing for the Commonwealth and after he had made a statement
of the law with reference to illegal sales, said that the law would
cover a sale such as was alleged on Tuesday or Friday, but that

under this complaint he would ask them to convict only for the offense on Tuesday, and that, unless they found the sale to have been made on Tuesday, they should find a verdict of not guilty. The judge in his charge said that, the district attorney having chosen to tell the jury that he would ask for a conviction only for the alleged offense on Tuesday, the jury could convict only for that offense.

The questions as to the precise language of the instructions of the judge and whether the defendant properly took an exception to a certain part of the instructions have been made immaterial by the decision of this court.

The jury returned a verdict of guilty; and the defendant alleged exceptions, which were disallowed by the judge and afterwards were presented to this court upon the report of a commissioner.

*C. R. Cummings,* (*J. Little* with him,) for the defendant.

*J. M. Swift,* District Attorney, for the Commonwealth.

BRALEY, J.   The question for decision is, whether, the defendant having been charged in a single count with a sale of intoxicating liquor to a minor in violation of R. L. c. 100, § 62, had the right where the evidence for the prosecution tended to prove two distinct sales on different days, but all within six years from the date of the complaint, to require the government to elect upon which one of the two it intended to rely for a conviction.   If counts for each sale had been joined, the defendant would have had ample notice of the charges, which could be distinctly identified by the record, and, while the trial judge upon his motion might have ordered an election, the denial of the request, being purely discretionary, would not have been ground of exception.   *Commonwealth* v. *Sullivan,* 104 Mass. 552.   *Commonwealth* v. *Bennett,* 118 Mass. 443.   *Commonwealth* v. *Pratt,* 137 Mass. 98.

But at the close of the government's evidence, while the defendant had been set to the bar to face a single issue, two distinct offenses had been put in evidence, to either one of which the averments of the complaint were applicable.   By the common law as well as under the Constitution of the Commonwealth, the defendant could not be convicted of both without a violation of the right guaranteed to him, that, when charged with the com-

mission of crime, " every subject shall have a right to produce all proofs that may be favorable to him " on the issue of his guilt or innocence as set forth in the indictment or complaint. *Commonwealth* v. *Blood*, 4 Gray, 31, 32. *Commonwealth* v. *Dean*, 109 Mass. 349, 352. *O' Connell* v. *The Queen*, 11 Cl. & F. 155, 241. *Commonwealth* v. *King*, 202 Mass. 379, 389.

There is no presumption, that the defendant ought to have anticipated that the scope of the testimony to be used against him would not correspond with the essential allegations of the complaint, and that he must expect to be tried for two offenses, although the averment of time, while necessary, need not be proved as laid. *Commonwealth* v. *Dillane*, 11 Gray, 67. The great embarrassment, however, to which he would be subjected in the preparation and presentation of his defense if under the charge of a single crime any number of similar yet distinct crimes may be proved until perhaps there finally might be one of the number sufficiently satisfactory to the jury, is not the only grave objection.

It is forcibly pointed out in *State* v. *Chisnell*, 36 W. Va. 659, that where in the unlawful sale of intoxicating liquors two distinct misdemeanors are proved, while only a single sale is charged, some of the jury may be satisfied of the defendant's guilt as to one sale, while other jurors are convinced only as to the second sale, but all finally concur in a verdict of guilty because taken together they are convinced that the defendant has violated the law. It is also manifest, that the wrong which may be done does not end with the verdict and judgment. If again prosecuted, there being no means of identification of the actual offense upon which the jury returned their verdict, the former conviction would not be a protection from a second conviction. There is no bar unless the offense charged in the first complaint was the same offense for which the defendant is charged in the second complaint. *Commonwealth* v. *Robinson*, 126 Mass. 259, 260, 261. *State* v. *Brown*, 58 Iowa, 298. Wharton, Crim. Ev. (9th ed.) § 104.

The decisions, while recognizing without exception the right to compel an election, are not entirely in accord as to when the defendant must exercise it, but by our practice, and the great weight of authority, he should do so at the close of the gov-

ernment's evidence, and before being called upon to open his defense. *Commonwealth* v. *O'Connor*, 107 Mass. 219. *Commonwealth* v. *O'Hanlon*, 155 Mass. 198. *Williams* v. *State*, 77 Ala. 53. *Scruggs* v. *State*, 111 Ala. 60. *State* v. *Chisnell*, 36 W. Va. 659. *State* v. *Smith*, 22 Vt. 74. *State* v. *Hurd*, 101 Iowa, 391. *Lebkovitz* v. *State*, 113 Ind. 26. *Goodhue* v. *People*, 94 Ill. 37.

If before introducing his proof the defendant did not except to the denial of his motion to order an election, the right had not been waived, and, the renewal of the request at the close of all the evidence but before the arguments began not having been too late, the refusal to grant it, to which he duly excepted, was erroneous.

Nor was the error cured by the voluntary concession of the district attorney in his closing argument, that he would ask for conviction only on one sale. The right to compel a choice was a personal privilege, not a matter of favor dependent upon the good will or sense of justice of the prosecuting officer, and as the defendant's counsel was put to the disadvantage of arguing a different case from that which was finally left to the jury for decision, the defendant had been prejudiced.

A new trial, therefore, must be ordered, and whether any exception was saved to the instructions becomes unimportant, and need not be determined.

*Exceptions sustained.*