COMMONWEALTH *vs.* ANTONIO J. SZCZEPANEK.

Essex.    March 2, 1920. — April 1, 1920.

Present: RUGG, C. J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Homicide. Practice, Criminal,* Election between counts. *Pleading, Criminal,* Indictment. *Evidence,* Confession.

An indictment for murder was in two counts, each count charging the murder of a different individual. Upon motion of the defendant after arraignment and before trial that the district attorney be required to elect on which count the government would go to trial, it appeared that the facts, circumstances and testimony were relevant to prove that both murders were committed by the defendant at substantially the same time with a design and purpose to destroy evidence of the defendant's commission of the crime of larceny at that time. The motion was denied. *Held,* that the defendant had no just complaint because of the denial of his motion.

Upon the trial of an indictment for murder, it appeared in evidence that the defendant when arrested was told by the police officer having him in custody that any statement he made would be used against him, and that later in the day in a police station in another city the defendant, without again being warned, made a confession to the same officer in the presence of other officers. This confession was admitted in evidence. *Held,* that

(1) The facts that the defendant was in custody, and that he was questioned by the officer in the presence of other officers and at the police station, did not conclusively prove that the confession was procured by inducements engendering hope or fear;

(2) Upon the whole evidence no facts were disclosed which justified a contention of the defendant that his confession was not made "freely, voluntarily and without compulsion or inducement of any sort."

A confession made to a person in authority, even though it be induced by the solicitation and inquiry of such person, is *prima facie* voluntary and the person objecting to its admission in evidence must show that it was made under such pressure of hope or fear as to raise a doubt of its accuracy.

INDICTMENT in two counts, found and returned in the county of Essex on January 17, 1918, the first count charging the murder of Annie Spiewak, and the second count charging the murder of Wladyslaw Bill.

After arraignment and before trial the defendant made a motion that the district attorney elect on which count the government would go to trial. The motion was denied.

In the Superior Court the defendant was tried before *Thayer,* J. The material evidence and exceptions of the defendant are described in the opinion.

The jury returned a verdict of murder in the first degree in each count; and the defendant alleged exceptions.

The case was submitted on briefs.

*T. S. Herlihy,* for the defendant.

*H. G. Wells,* for the Commonwealth.

PIERCE, J. The defendant was indicted in two counts for murder. The first count charged him with the murder of Annie Spiewak, and the second with the murder of Wladyslaw Bill. He was convicted of murder in the first degree under each count of the indictment. The case is before this court on two exceptions taken by the defendant during the course of the trial. The first exception is to the denial by the trial judge of a motion of the defendant to order the district attorney to elect which count of the indictment he would go to trial on. The second exception is to the admission by the trial judge of an alleged confession by the defendant, at the police station at Newburyport, while he was in the custody of the police.

As to the first exception: In *Carlton* v. *Commonwealth,* 5 Met. 532, it was said by Shaw, C. J., at page 534: "We think it is common in practice, in this Commonwealth, and especially in the county of Suffolk, to include several distinct substantive offences in the same indictment, where they are of the same general nature, and where the mode of trial and the nature of the punishment are the same. And we see no objection to this course; because it is always competent for the court to order — where there are several counts which might tend to perplex the defendant in his defence — that the prosecutor shall elect on which of the counts he will bring the defendant to trial, so as to exempt him from the vexation of meeting multifarious charges at one

and the same time." To the same effect see *Commonwealth* v. *Miller,* 150 Mass. 69, 70, and *Commonwealth* v. *Rosenthal,* 211 Mass. 50.

While the counts in the case at bar charged distinct crimes of murder, the facts, circumstances and testimony were relevant to prove that both felonies were committed by the defendant at substantially the same time with a design and purpose to destroy evidence of the defendant's commission of the crime of larceny at that time. In the circumstances of this case it is plain the defendant could not be vexed in the procedure of his trial or prejudiced by the introduction of the same testimony upon both counts. It follows that he can have no just complaint because of the denial of his motion to order the district attorney to elect which count he would go to trial on.

The second exception is to the admission of the defendant's confession at the police station, in Newburyport, upon the ground that the State police officer, Griffin, having the defendant in custody, did not warn him "that anything he might say would be used against him" until after he had made the damaging admission that he had struck Mrs. Spiewak with the axe. There is no evidence that the defendant made his confession as the result of any inducement, threat or promise which was calculated to excite hope or fear in respect to the proceedings. When arrested at Easthampton the officer "told him that he knew we were police officers; that we wanted to be fair with him; that any statement that he would make we could use it against him." He was asked, "Do you understand?" He said, "Yes." In the presence of an attorney who was retained to represent the defendant at Northampton, he was told "that this was a serious matter and that anything he might say would be used against him." When brought to the Newburyport station he was delivered to the city marshal; the marshal went out with the defendant and shortly returned with him with a roll of money in his hand. Griffin took the roll of money and said to the defendant, without further warning him as to the effect of what he might say, "What do you say now, Tony?" Thereupon the defendant in the presence of the city marshal and four policemen made his confession as to when, how, where and the circumstances attending his getting the money shown him, and the murder of Spiewak and Bill. This confession was reduced to writ-

ing, was read to him, and was signed by him on the first and last pages.

The facts that the defendant was in custody, and that he was questioned by the officer in the presence of other officers and at the police station, do not conclusively prove that the confession was procured by inducements engendering either hope or fear. *Commonwealth* v. *Storti,* 177 Mass. 339, 343. *Sparf* v. *United States,* 156 U. S. 51. *Wilson* v. *United States,* 162 U. S. 613, 623. A confession made to a person in authority, even though it be induced by his solicitation and inquiry, is *prima facie* voluntary and the person objecting to its admission in evidence must show that it was made under such pressure of hope or fear as to raise a doubt of its accuracy. *Commonwealth* v. *Sego,* 125 Mass. 210, 213. As stated by Chief Justice Shaw in *Commonwealth* v. *Morey,* 1 Gray, 461, at pages 462 and 463, "The ground on which confessions made by a party accused . . . are excluded as incompetent, is, not because any wrong is done to the accused, in using them, but because he may be induced, by the pressure of hope or fear, to admit facts unfavorable to him, without regard to their truth, in order to obtain the promised relief, or avoid the threatened danger, and therefore admissions so obtained have no just and legitimate tendency to prove the facts admitted." While the law is settled in this Commonwealth that a confession otherwise relevant does not become irrelevant because the accused was not warned that he was not bound to make such confession, and that the evidence might be used against him, the fact of such warning is nevertheless important evidence to show the confession was voluntary. *Commonwealth* v. *Cuffee,* 108 Mass. 285. *Commonwealth* v. *Smith,* 119 Mass. 305. *Commonwealth* v. *Preece,* 140 Mass. 276. *Commonwealth* v. *Robinson,* 165 Mass. 426, 429.

In the case at bar it cannot be assumed that the admonitions of the police officer to the accused at Easthampton and Northampton were not present in the memory and recalled by the accused when his confession was obtained at Newburyport. Upon the whole evidence no facts are disclosed which justify the contention of the defendant that his confession was not made "freely, voluntarily and without compulsion or inducement of any sort." *Wilson* v. *United States, supra.*

*Exceptions overruled.*