COMMONWEALTH vs. PAUL DASCALAKIS.

Suffolk. December 14, 1922. — January 8, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Homicide,* Evidence. *Evidence,* Admission, Presumptions and burden of proof.

After a captain of police had stated to one under arrest on a charge of murder, "You are now under arrest charged with the murder of A. You are not compelled to make any statement; if you make a statement you do so voluntarily, fully understanding your rights, as any statement you make can be used either for or against you in court," that person made a statement, in which he denied his guilt but, without acknowledging guilt, admitted facts from which inferences unfavorable to him might be drawn. At the trial, the statement was admitted in evidence subject to the defendant's exception. *Held,* that

(1) The defendant's statement was not a confession, and the rule which excludes a confession of guilt by a defendant who was induced to make it through fear of personal injury or hope of personal benefit, was not applicable;

(2) The statement clearly was admissible in evidence;

(3) Even if the statement of the defendant to the captain of police while in custody were treated as in fact a confession of guilt, it was not shown that he was induced to make the confession through fear or hope of reward; the preliminary warning given by the captain of police was neither ambiguous, misleading nor improper;

(4) A confession made to a person in authority by a defendant in an indictment while under arrest is presumed to be voluntary and, if the defendant objects to its admission in evidence on the ground that it was made because of a threat or a promise, he must show such to be the fact.

INDICTMENT, found and returned on May 14, 1920, charging the defendant, "Paul Dascalakis, otherwise called Paul Pappas," with the murder of Alice Arseneault on December 26, 1919.

In the Superior Court, the case was tried before *Keating*, J. Material evidence is described in the opinion. The defendant did not testify. He was found guilty on June 15, 1922; and alleged exceptions.

*J. P. Williams*, for the defendant.

*H. P. Fielding*, Assistant District Attorney, for the Commonwealth.

CARROLL, J. The defendant was indicted on May 14, 1920, for the murder of Alice Arseneault on December 26, 1919. At the trial of the defendant in June, 1922, the jury returned a verdict of guilty of murder in the first degree.

Alice Arseneault was the proprietor of a lodging house at 517 Columbus Avenue, Boston. In September, 1919, the defendant came to her house as a lodger, and from that date to the date of her disappearance "friendly intimacy was observed between them." Between these dates one Arthur Pelletier called upon Alice Arseneault. These visits of Pelletier occasioned the disapproval of the defendant, and according to the testimony of a witness for the Commonwealth, the defendant stated on one occasion when Pelletier and the woman were together in a room with the door closed, that some day "he [the defendant] would get mad and kill both Pelletier and Alice Arseneault." On or about December 25, 1919, she disappeared.

There was evidence that shortly after her disappearance the defendant disposed of her personal property, and on January 7, 1920, sold the furniture of the lodging house for $875. The bill of sale purported to bear the signature of Alice Arseneault. On May 11, 1920, her body was found buried in an ash pile in the

cellar of the lodging house. There were a number of stab wounds on the body and her throat was cut from ear to ear. The defendant was apprehended in Montreal, Canada, some months following the murder, and later brought to police headquarters in Boston, where he made a statement in the presence of certain police officers, including Captain Ainsley C. Armstrong. Before doing so he was warned of his rights by Captain Armstrong who said to him, "You are now under arrest charged with the murder of Alice Arseneault. You are not compelled to make any statement; if you make a statement you do so voluntarily, fully understanding your rights, as any statement you make can be used either for or against you in court." The statement of the defendant, made to the police officers, was admitted subject to his exception. The sole question raised by the defendant's bill of exceptions relates to the admission of this recital. The defendant claims that the warning given him was "ambiguous, misleading and improper," and that for this reason the statement should not have been admitted against him at the trial.

In this statement the defendant did not admit his guilt. It was not a confession. A confession is an acknowledgment of an offence. He said that he did not know who killed Alice Arseneault; that the last time he saw her was on Christmas night, when she was in the parlor with "two fellows;" that he first learned of her death from a newspaper account which he saw in Akron, Ohio. He related where he had lived since Christmas, 1919, and admitted other facts, not acknowledging guilt, from which admissions, inferences might have been drawn by the jury.

The statement of the defendant to the police officers was clearly admissible against him and there was no error in the ruling of the court on this point. The rule which excludes a confession of guilt by a defendant, which he was induced to make through fear of personal injury or hope of personal benefit, is not applicable to the declaration by a defendant not in the nature of a confession, although the declaration might tend, in connection with other circumstances, to prove his guilt. *Commonwealth* v. *Piper*, 120 Mass. 185, 188, 189.

Even if the statement of the defendant to the police officers while in custody were in fact a confession of guilt, it was not shown that he was induced to make the confession through fear or hope

of reward. A confession made to a person in authority is presumed to be voluntary, the one objecting to its admission must show that it was made because of threats or promises. *Commonwealth* v. *Szczepanek*, 235 Mass. 411. *Commonwealth* v. *Piper, supra. Commonwealth* v. *Tuckerman,* 10 Gray, 173, 190, 193. There was no evidence that the statement of the defendant was made through fear or because of promises of some benefit. From all the evidence in the case his declarations were shown to have been freely and voluntarily made. He was told that he was under arrest and charged with the murder of Alice Arseneault, that he was not compelled to make any statement, and if he did so it was to be done voluntarily, "understanding your rights, as any statement you make can be used either for or against you in court." This preliminary warning was not "ambiguous, misleading and improper," as the defendant claims. He was clearly and distinctly informed of his rights. He was not misled, and the warning given by the police captain was not improper.

In *Commonwealth* v. *Storti,* 177 Mass. 339, 343, 344, the defendant was on trial for murder. He made a confession through an interpreter. According to the interpreter's testimony the defendant was told, "what would be against him, that will be brought in court against him, or in favor, as it was," and the court, speaking through Chief Justice Holmes, said of the preliminary warning: "We understand this to mean in imperfect English that whatever was said would be used in court, against the defendant if unfavorable, or for him if favorable. It is hard to find an inducement to make a confession or to say things unfavorable to himself in these words." The principle of that case is applicable to the case at bar. The statements of the defendant, whether favorable or unfavorable, were in evidence. They were properly admitted. None of his legal rights were invaded. He was fully advised that he could remain silent, and if he spoke, his words would be used "either for or against . . . [him] in court." There was no error in admitting the defendant's statement.

*Exceptions overruled.*