COMMONWEALTH *vs.* GILMAN R. HAYWOOD.

Worcester.    September 24, 1923. — November 28, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & JENNEY, JJ.

*Evidence*, Admissions and confessions, Record of previous conviction. *Incest.*
*Practice, Criminal,* Examination preliminary to admission of evidence.

The right of a defendant at the trial of an indictment to have a preliminary
decision by the trial judge, where a confession made by him is offered in
evidence by the Commonwealth and he contends that it was induced by
promises or threats of the arresting officer, does not exist where the evidence
offered by the Commonwealth is merely an incriminating admission or a
declaration of subordinate or independent facts which may tend in con-
nection with other facts and circumstances to prove the defendant's guilt
but do not constitute an acknowledgment that he is guilty of the precise
crime with which he is charged.
Thirteen days previous to the return of an indictment charging a man with
incest committed about nine months previous to the indictment, the de-
fendant stated to a police officer that he had had intercourse with the
woman named in the indictment, but he at the same time further stated
and insisted that he " had nothing to do with her until about four months
after her arriving at my house . . . It is nearly a year since I had anything
to do with her." *Held,* that
    (1) Such statement was not a confession, as that word is accurately used
in the criminal law;
    (2) Although the defendant contended that he was induced to make
the statement by promises or threats of the police officer, he did not have
a right to a preliminary hearing on that question before the admission of
the evidence.

At the trial of the indictment for incest above described, the Commonwealth offered evidence tending to show that previously the defendant had pleaded guilty to a complaint in a police court charging him with having committed adultery with the woman on the date named in the indictment for incest. The defendant contended that the plea was induced by promises or threats. The evidence was admitted without a preliminary examination on that question. *Held,* that

(1) The evidence of the plea of guilty was admissible as tending to prove the fact of carnal knowledge between the defendant and the woman named in the indictment and on the date there charged;

(2) The plea of guilty on the charge of adultery was not a confession of incest, as the word, confession, is accurately used in the criminal law, and the defendant was not entitled to the preliminary examination asked for by him.

INDICTMENT, found and returned on August 1, 1921, charging that the defendant, a " brother of the mother of Vina E. Smith, a single woman, did have carnal knowledge of the body of said Vina E. Smith."

A bill of particulars filed by the Commonwealth is described in the opinion. The indictment was tried before *Fosdick,* J. Material evidence, rulings made by the judge and exceptions saved by the defendant are described in the opinion. The defendant was found guilty and alleged exceptions.

*J. M. Hoy,* for the defendant.

*C. B. Rugg,* Assistant District Attorney, (*E. G. Norman,* Assistant District Attorney, with him,) for the Commonwealth.

DECOURCY, J. The defendant was convicted on an indictment alleging that he committed incest with his niece, Vina E. Smith, on November 20, 1920. In response to a motion for a bill of particulars, the Commonwealth had specified the date of the commission of the crime as " between the tenth and twenty-fifth of November, 1920, and probably on the twentieth of November, 1920."

1. The first exception was to the admission in evidence of certain incriminating statements made by the defendant to one Godley, chief of police. Counsel requested the trial judge to hold a preliminary hearing in the absence of the jury, to determine whether the alleged statements were voluntary; and offered to produce evidence at such hearing that they were induced by promises or threats. The judge ruled that the statements were admissions, as distinguished from

confessions, and admissible without any preliminary hearing. They were made on July 18, 1921, before the defendant was arrested; and, although he inferentially admitted therein that he had intercourse with Vina, he insisted " I had nothing to do with her until about four months after her arriving at my house; " and " It is nearly a year since I had anything to do with her."

Where the accused claims that a confession made by him was induced by promises or threats of the arresting officer, he has a right to have a preliminary decision by the judge as to its competency before it is admitted in evidence for the consideration of the jury. *Commonwealth* v. *Culver*, 126 Mass. 464. This right, however, exists only with reference to a confession, as that word is accurately used in the criminal law; that is, to an acknowledgment by the accused in express words of the truth of the guilty fact charged. It does not exist in case of mere incriminating admissions or declarations of subordinate or independent facts, which may tend in connection with other facts and circumstances to prove the defendant's guilt, but do not constitute an acknowledgment that he is guilty of the precise crime with which he is charged. " The distinction between a confession and an admission, as applied in criminal law, is not a technical refinement, but is based upon the substantive differences of the character of the evidence educed from each. A confession is a direct acknowledgment of guilt on the part of the accused, and by the very force of the definition, excludes an admission, which, of itself, as applied in criminal law, is a statement by the accused, direct or implied, of facts pertinent to the issue, and tending, in connection with proof of other facts, to prove his guilt, but of itself is insufficient to authorize a conviction." Wharton, Crim. Ev. (10th ed.) § 678a. See also Underhill's Crim. Ev. (3d ed.) § 215. *Commonwealth* v. *Dascalakis*, 243 Mass. 519. *Daniels* v. *State*, 57 Fla. 1. *Owens* v. *State*, 120 Ga. 296. *People* v. *Stapleton*, 300 Ill. 471. *State* v. *Cook*, 188 Iowa, 655. *Pringle* v. *State*, 108 Miss. 802. *State* v. *Lindsey*, 26 N. M. 526. *State* v. *Porter*, 32 Ore. 135.

The declarations in question were not a confession of the

defendant's guilt of the crime charged, but on the contrary were a denial; being assertions that he had nothing to do with Vina E. Smith since July, 1920. The indictment was for incest, committed on November 20, 1920. The time was limited by the Commonwealth's bill of particulars as above stated, to " between the tenth and twenty-fifth of November, 1920, and probably on the twentieth of November, 1920; " and this specification was not amended under G. L. c. 277, § 40, which provides for such amendment where there is a material variance between the evidence and the bill of particulars. As was said in *Commonwealth* v. *Kelley*, 184 Mass. 320, 324, " . . . the bill of particulars cannot enlarge the scope of the indictment. It cannot specify a charge not covered by the indictment. Its only purpose is to specify more particularly the acts constituting the offence." When an order for such particulars is made, " it concludes the rights of all parties who are to be affected by it; and he, who has furnished a bill of particulars under it, must be confined to the particulars he has specified, as closely and effectually as if they constituted essential allegations in a special declaration." *Commonwealth* v. *Giles*, 1 Gray, 466, 469. See *Commonwealth* v. *Coyne*, 207 Mass. 21. It is also obvious that the statement contained no admission as to the essential averment of the degree of consanguinity. Since it was in no sense a confession of the crime of incest, the statement was admissible without a preliminary hearing. *Commonwealth* v. *Piper*, 120 Mass. 185, 189. *Commonwealth* v. *Bemis*, 242 Mass. 582. *Commonwealth* v. *Dascalakis*, *supra*.

2. Exception was taken by the defendant to the admission in evidence of a certified copy of the record showing that he had pleaded guilty in the police court to a complaint charging him with committing the crime of adultery with Vina E. Smith on November 20, 1920; on which complaint the judge of that court found probable cause and held him for the grand jury. The ground of the exception was that the judge of the Superior Court refused to hold a preliminary hearing upon the claim of counsel that the plea was " the result of inducement and offers made to the defendant."

Such plea of guilty before the committing magistrate was admissible against the accused on the trial of the subsequent indictment. *Commonwealth* v. *Brown,* 150 Mass. 330. *Commonwealth* v. *Ayers,* 115 Mass. 137. L. R. A. 1916 E 641 note, and cases cited. But the acknowledgment by the defendant that he had committed adultery with Vina E. Smith was not a confession of incest with the same woman, as charged in this indictment. It omits the essential element of consanguinity between the two; and it contains the further fact, that the man is married, — which is immaterial on a trial for incest although it was essential on the charge of adultery. The admission covered only the subsidiary element of carnal knowledge. For the reasons above stated it was not a confession, on which the defendant could have been found guilty of the crime here charged. The trial judge was not obliged to hold a preliminary hearing before admitting the record. After its admission the defendant offered no evidence tending to show that it was induced by promises or threats made by one in authority, to affect its weight. *Commonwealth* v. *Morey,* 1 Gray, 461. *Commonwealth* v. *Piper,* 120 Mass. 185, 188. There was no error in the refusal of the trial judge to hold a preliminary hearing on the question whether the plea was " the result of inducement and offers made to the defendant," before admitting the record.

*Exceptions overruled.*