## COMMONWEALTH *vs.* JOHN E. MERRICK.

Essex.     March 4, 17, 1926. — May 24, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Evidence*, Admissions and confessions, Presumptions and burden of proof. *Accessory. Dynamite.* Unlawful placing. *Pleading, Criminal,* Indictment.

Statements which are in the nature of admissions but do not amount to a confession of guilt, made in a police station to police officers by one who afterwards was indicted for a crime, are admissible at the trial of the indictment irrespective of whether the defendant at the time when the statements were made was under arrest; in this case it was *held,* that a ruling by the trial judge on the evidence, that as a matter of law the defendant was not under arrest at the time the statements were made, was correct.

At the trial of an indictment charging the defendant as accessory before the fact to the unlawful placing of dynamite near a building by John Doe, whose true name was unknown, it is proper to exclude as immaterial evidence offered by the defendant to show that at the same sitting of the court the grand jury had returned an indictment naming the defendant as principal, and that when they returned the indictment naming John Doe as principal and the defendant as accessory they had knowledge that the defendant was principal, such indictment being in accordance with established practice.

Where evidence at the trial of an indictment is largely circumstantial, it is not essential to conviction that the inferences drawn should be only necessary inferences: it is enough that they are reasonable and possible.

At the trial of an indictment charging the defendant with being accessory before the fact to the placing by John Doe, whose true name was unknown, of dynamite near a building with intent unlawfully to destroy or injure the building, there was evidence that the defendant made the mechanism for exploding the dynamite, and an inference was warranted, from misstatements and contradictions in the statements which the defendant was said to have made, that he had a guilty knowledge of the explosion plot; and there was testimony that when a State police officer said to the defendant, "I am convinced that you are not alone in this thing. If you wish to shoulder the whole of it, you may do so. Why don't you tell us who the others are who are connected with you?" he answered, "I guess I have said enough; I don't want to talk any more." *Held,* that

(1) It was proper to deny a motion by the defendant that a verdict of not guilty be entered, and a verdict of guilty was warranted;

(2) There was evidence warranting a finding that some person other than the defendant aided as principal;

(3) It was proper to refuse to instruct the jury that, unless the person who placed the dynamite "did so as the result of being incited, procured, aided, counseled or commanded by the defendant, then the jury should return a verdict of not guilty": it was enough if the defendant did so incite, procure, aid, counsel or command, although other persons and things may have contributed to bring about the resulting act of the principal;

(4) It was not essential to conviction of the defendant that he should be proved to have been absent at the time the dynamite was placed or that there should have been a reasonable doubt as to his having been absent, the principal offence having been a felony.

INDICTMENT, found and returned on September 13, 1923, and described in the opinion, charging the defendant as an accessory before the fact to the placing of dynamite near a building in Haverhill with intent unlawfully to destroy or injure the building.

In the Superior Court, the indictment was tried before *Walsh*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict of not guilty be ordered. The motion was denied. The defendant then asked, among others, for the following rulings:

"19. If the jury find that at the time the defendant talked with the police officers that the defendant was under arrest, then the defendant was under no obligation to answer questions and his failure then to answer any questions is no evidence against him and such failure should be entirely disregarded by the jury."

"21. Unless the jury find that the person who placed the dynamite near the Knipe building did so as the result of being incited, procured, aided, counseled or commanded by the defendant, then the jury should return a verdict of not guilty.

"22. Unless the jury find that the defendant was absent from the place where the dynamite was put at the time it was placed near the Knipe building, then the jury should return a verdict of not guilty.

"23. Unless the Commonwealth shows beyond a reasonable doubt that the defendant was absent at the time the dynamite was placed near the Knipe building, then the jury should return a verdict of not guilty."

The requests were refused. The defendant was found guilty and alleged exceptions.

*J. E. Merrick, pro se.*

*W. G. Clark,* District Attorney, (*E. F. Flynn,* Assistant District Attorney, with him,) for the Commonwealth, submitted a brief.

WAIT, J. The defendant was found guilty upon an indictment which charged that John Doe, whose true name was unknown, on January 4, 1923, placed dynamite near a building in Haverhill with intent unlawfully to destroy or injure the building, and that the defendant before said felony was committed "did incite, procure, aid, counsel, hire or command the said John Doe, the said felony to do and commit." He contends that certain exceptions saved by him at the trial should be sustained. As argued by him, they present four main questions.

Evidence was admitted of certain statements made by the defendant or by others in his presence at the police station in Haverhill whither he had gone from his shop in Haverhill accompanied by Haverhill policemen and a member of the State police. This evidence he contends was improperly admitted because he was at the time under arrest. Whether he was then under arrest or not is immaterial. The statements were not in the nature of confessions. They were admissible because admissions of evidential value made by him either in words or by conduct. The distinction between admissions and confessions is well pointed out in *Commonwealth* v. *Haywood,* 247 Mass. 16. That there is nothing in this contention is established by *Commonwealth* v. *Dascalakis,* 243 Mass. 519.

Moreover, the judge was justified in ruling in the course of the trial, and the jury could have found, that the defendant was not under arrest at the time. It is true that the officers had been sent to bring him to the station, and that those awaiting him there intended to arrest him at some time; but he went with the officers without compulsion upon their statement that the chief of police wished him to come thither, with no physical manifestation of control over his liberty and no statement of intent to restrain him. No

word or act of theirs had declared him within the power of the officers and he had done nothing to signify his submission to arrest. *Mowry* v. *Chase,* 100 Mass. 79. In law no arrest had taken place when the statements were made.

The defendant offered to show that at the same sitting of the court the grand jury had returned an indictment naming the defendant as principal, and that when they returned the indictment naming John Doe as principal and the defendant as accessory they had knowledge that the defendant was principal. He contends that there was error in excluding the evidence.

The question has not before been presented in any case in this Commonwealth which has been called to our attention. The cases which have held that the falsity of an allegation that a person was unknown to the grand jury was material, have been those in which there was evidence, apparently introduced without objection, which went to establish such falsity, and thereby to make out a variance between allegation and proof. Such were *Commonwealth* v. *Stoddard,* 9 Allen, 280, *Commonwealth* v. *Tompson,* 2 Cush. 551, *Commonwealth* v. *Thornton,* 14 Gray, 43, *Commonwealth* v. *Sherman,* 13 Allen, 248, *Commonwealth* v. *Glover,* 111 Mass. 395. From an early time it seems to have been the practice to charge, either in separate indictments or in different counts of a single indictment, that the same person was principal, or accessory before the fact to a known or unknown principal in the same felony. *Commonwealth* v. *Phillips,* 16 Mass. 423. In *Rex* v. *Bush,* Russ. & Ry. 372, (1818), it was decided by all the judges that the finding of an indictment against the accused as principal was no objection to another indictment charging him as accessory before the fact although the latter alleged that the principal was unknown. Recent cases show a similar practice, without comment to indicate any dissent from the rule of *Rex* v. *Bush, supra,* or that the inconsistent allegations could be used in disproof of one another. *Commonwealth* v. *Asherowski,* 196 Mass. 342. *Commonwealth* v. *Derry,* 221 Mass. 45. *Commonwealth* v. *Kaplan,* 238 Mass. 250. G. L. c. 277, § 35, renders the variance immaterial, since the essential elements of the crime are correctly stated.

The pendency of the second indictment could be raised only before pleading in this cause, *Agnew* v. *United States,* 165 U. S. 36; and is not matter of abatement. *Commonwealth* v. *Drew,* 3 Cush. 279. *Commonwealth* v. *Lahy,* 8 Gray, 459. *Rex* v. *Bush, supra.* The ruling was right and the evidence was excluded properly.

The judge denied the motion to direct a verdict of not guilty. The defendant contends that he was entitled to a directed verdict because there was nothing in the evidence to support an inference "that there was a principal *necessarily other than this defendant* whom the defendant aided, counselled or commanded, with knowledge of his intent." The evidence was largely circumstantial, and where that is the case it is not essential that the inferences drawn should be only necessary inferences. *Commonwealth* v. *Doherty,* 137 Mass. 245. *Commonwealth* v. *Asherowski,* 196 Mass. 342, 347. It is enough that they be reasonable and possible. There was evidence to satisfy a jury that the defendant made the mechanism for exploding the dynamite. They could infer, if they believed the testimony, from misstatements and contradictions in the statements which he was said to have made, that he had a guilty knowledge of the explosion plot. Furthermore they had his statement, made after apparent readiness to answer questions, "I guess I have said enough; I don't want to talk any more"; when Griffin, the State policeman assigned to the district attorney's office said "I am convinced that you are not alone in this thing. If you wish to shoulder the whole of it, you may do so. Why don't you tell us who the others are who are connected with you?"

There was enough to support a finding that some one other than the defendant, unknown to the grand and traverse jurors, intending unlawfully to injure the building of Knipe Bros., Inc., and, aided, counselled, advised and furnished with an exploding mechanism by the defendant, had, in his absence, placed the dynamite where it was found; and that the defendant had so assisted him knowing his criminal intent.

The defendant has not argued any other point in regard to the evidence; but we have examined it and are satisfied

that the judge was right in deciding that it did not, as matter of law, require that the verdict should be not guilty, and in denying the motion.

Finally, the defendant contends that he was entitled to have the jury instructed in accord with certain requests for instruction which the judge refused to grant. So far as they stated the law they were covered by the judge in his charge. The jury could not properly be instructed, as request 19 asked, that if the defendant was under arrest at the time that he talked with the officers his failure to answer any question should be entirely disregarded. Request 21 was not accurate. The act of the unknown principal was not required to be the result of the incitement, procurement, aid, counsel or command of the defendant. It was enough if the defendant did so incite, procure, aid, counsel or command, although other persons and things may have contributed to bring about the resulting act of the principal. Nor was absence at the time of the placing of the dynamite essential. The offence is not a misdemeanor, where all present and participating in the act are principals. It is a felony, where one present but not acting may be an accessory before the fact. It was not error to refuse to give requests 22 and 23.

We have examined the record and find no error. The entry must be

*Exceptions overruled.*