COMMONWEALTH *vs.* HUGO JOKINEN & another.

Norfolk.    October 19, 1926. — November 22, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Evidence,* Admissions and confessions.

A conversation between a police officer and one under arrest, which is not
a confession of guilt but merely includes statements by the person
under arrest in the nature of incriminating admissions or statements
of independent facts which may serve in connection with other cir-
cumstances to show his guilt, is admissible in evidence at the trial of
an indictment later found against him without a preliminary inquiry
and decision by the trial judge to ascertain whether his statement was
made voluntarily after information as to his constitutional rights
relative to statements while under arrest.

INDICTMENT, found and returned on September 11, 1925,
charging that the defendants did rob and steal from the
person of one George J. Martin the sum of $360.

In the Superior Court, the indictment was tried before
*Burns,* J.    Material evidence and exceptions by the defend-
ant are described in the opinion.    The defendant was found
guilty and alleged exceptions.

*M. M. Taylor,* for the defendants.

*W. P. Kelley,* Assistant District Attorney, for the Com-
monwealth, submitted a brief.

CARROLL, J.    During the trial of the defendants, it ap-
peared that after they were arrested a conversation took
place between them and a police officer of Quincy.    The bill
of exceptions recites that at the time of this conversation
the defendants had not been informed as to "their con-
stitutional rights relative to statements and declarations
made by them while so under arrest; that the defendants
testified that they believed that they were under arrest
charged with gambling"; that they did not know until sub-
sequently to the conversation with the police officer "that
they were charged with the crime of robbery."    The police
officer testified that Maki said "he had not been working and

had $450 four months ago;" that Jokinen said, "he did not have any money." When these statements were made, there had been no formal complaint against the defendants, but they were under arrest. The defendants excepted to the admission of the conversation on the ground that they were then under duress and had not been "informed as to their constitutional rights as aforesaid, and that they had not been informed as to what the charge against them was for which they were under arrest." It also appeared that when Maki was arrested he had on his person "$360 folded in a handkerchief and $22 folded in his pocket"; that Jokinen "had no money upon his person." The defendants were found guilty.

If the defendant in a criminal case maintains that his confession of the crime was due to the promises or threats of the arresting officer, he has the right to insist upon a preliminary decision, by the judge, on the competency of the evidence before it is admitted for the consideration of the jury. But this right of the accused does not exist unless he made a confession of the crime, that is, unless he acknowledged he was guilty of the offence with which he is charged. The right does not prevail as to mere incriminating admissions or statements of independent facts which may serve in connection with other circumstances to show his guilt. *Commonwealth* v. *Haywood*, 247 Mass. 16. The statements of the defendants to the police officer did not amount to a confession of guilt. They were not in the nature of a confession. They were admissible in evidence without a preliminary hearing by the presiding judge. *Commonwealth* v. *Dascalakis*, 243 Mass. 519. The facts that the defendants were under arrest when the declarations were made, and had not been informed "as to their constitutional rights relative to statements and declarations made by them while so under arrest," and did not know they were charged with the crime of robbery, but supposed they were arrested, charged with gambling, no formal complaint having been made against them at this time, were insufficient to render the statements involuntary and inadmissible. *Commonwealth* v. *Williams*, 171 Mass. 461. The defendants could

refuse to speak while under arrest, but their declarations were not involuntary because made after they had been arrested. *Commonwealth* v. *Dascalakis, supra. Commonwealth* v. *Spiropoulos,* 208 Mass. 71.

A confession of guilt made by a defendant to an arresting officer is *prima facie* voluntary. The evidence excepted to was not inadmissible because the defendants were not cautioned that anything they might say would be used in evidence against them. *Commonwealth* v. *Dascalakis, supra. Commonwealth* v. *Szczepanek,* 235 Mass. 411. *Commonwealth* v. *Sherman,* 234 Mass. 7. The defendants were not deprived of any of their constitutional rights.

*Exceptions overruled.*