## COMMONWEALTH *vs.* HERBERT J. GLEASON.

Middlesex.    November 7, 1927.— January 6, 1928.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Homicide. Practice, Criminal,* Exceptions, Personal statement by defendant to jury, Charge to jury. *Evidence,* Relevancy and materiality, Admissions and confessions, Personal statement by defendant to jury, Of intent, Competency.

Upon an appeal and assignment of errors alleged to have been committed at the trial of an indictment for murder by shooting, an exception by the defendant to the exclusion in cross-examination of an expert witness on firearms called by the Commonwealth, who had testified on direct examination that he was employed as adviser on the subject of firearms with the commissioner of public safety and on cross-examination that he came to the department after the death of one Captain P, of the question, "Captain P at one time was with the State police as a pistol expert, wasn't he?" must be overruled, where the transcript of the evidence taken under § 33A, added to G. L. c. 278 by St. 1925, c. 279, § 1, did not disclose for what purpose the question was asked, nor the intention of the defendant to follow it with evidence of the opinions of P, although the assignment of the alleged error stated that P "had been a member of the State police for a great many years, and had testified in several cases, and had given opinions on pistols and guns as an expert; and the question was offered as a preliminary question, and the defendant intended to follow said question, quoting opinions given by said Captain P in court cases, which would be different than the opinions given by said government expert who was testifying."

A confession, as that word is used with relation to the administration of the criminal law, is an acknowledgment of guilt, while, as used in the same connection, an admission is a statement by the accused of facts pertinent to the issue, tending in connection with the proof of other facts to prove his guilt; and therefore the rule excluding a confession of guilt by the defendant which he was induced to make through hope of benefit or because of fear has no application to a statement which is no more than an admission.

At the close of the arguments of counsel at the trial of an indictment for murder, the defendant made a statement to the jury, and the judge then told them that the statement was not evidence. The defendant's counsel asked the judge to instruct the jury "that they should consider all the circumstances, provided there was evidence in the case that warranted them in believing what he stated," in response to which the judge charged the jury, without exception by the defendant, that the statement was not evidence but was to be listened to attentively and

carefully, and "if you find that what he says is predicated upon evidence, then you may use what he says to emphasize the evidence or to recall the evidence to your attention." *Held,* that the instructions were accurate.

At the trial of an indictment charging with murder a young man nineteen years of age, whose sanity was not questioned and whose experience and training had no bearing upon his guilt or innocence, it was proper for the judge, where the Commonwealth's evidence was that the killing was done by shooting while engaged in an attempt to rob,

(1) To refuse to instruct the jury: "The jury at arriving whether or not the defendant is guilty or should be held responsible for his acts, should consider age, experience, training and capacity of the defendant";

(2) To refuse to instruct the jury that in determining the defendant's intention the jury should consider whether he was under the influence of liquor;

(3) To refuse to instruct the jury: "If the jury finds that the shooting was accidental or was not done through any overt act of the defendant or any other person whom the defendant was aiding and abetting, then they should find that at the time of the attempt to rob, murder was not committed";

(4) To refuse to instruct the jury that, if they found the facts as stated in the preceding request, they should not find the defendant guilty of first degree murder.

In his charge at the trial above described, it was not error for the judge, in defining and explaining the law as to intent and as to the degrees of murder, to use the word "killing."

INDICTMENT, found and returned on December 7, 1926, charging the defendant with the murder of James Monagle on November 27, 1926.

The defendant was tried in the Superior Court before *Dillon,* J., on June 13–16, 1927, and was found guilty. He filed an appeal on June 21 under the provisions of St. 1925, c. 279, as amended by St. 1926, c. 329. The transcript of the evidence was delivered to the clerk of courts on September 27, 1927. In accordance with leave granted by the court, the defendant filed an assignment of errors on October 18, 1927.

All that the transcript of the evidence shows with respect to the first assignment of error was the following, occurring in the cross-examination of Van Amburgh: "Q. By the way, do you serve in this same department that Captain Proctor serves in or used to serve in? A. I came there after Proctor died. — Q. Captain Proctor at one time was with the State police as a pistol expert, wasn't he?" The last question, on objection by the district attorney and subject to an excep-

tion by the defendant, was excluded. No offer of proof was made. The assignment of error contains this statement:

"This exception was saved for refusal to allow a question put to the witness who was offered as an expert on firearms, and who had given opinions as such expert. The witness had already answered that he served in the same department with one Captain Proctor, and he came there after Proctor had died. Said Captain Proctor had been a member of the State police for a great many years, and had testified in several cases, and had given opinions on pistols and guns as an expert; and the question was offered as a preliminary question, and the defendant intended to follow said question, quoting opinions given by said Captain Proctor in court cases, which would be different than the opinions given by said government expert who was testifying."

The seventh and eighth requests by the defendant for instructions, refusal to grant which were the subject of the sixth and seventh exceptions, were as follows:

"If the jury finds that the shooting was accidental or was not done through any overt act of the defendant or any other person whom the defendant was aiding and abetting, then they should find that at the time of the attempt to rob, murder was not committed."

"And further, if the jury finds the facts in the seventh request, then they should not find him guilty of first degree murder."

The fifth assignment of errors include two exceptions, the eighth and ninth, in the following terms: The eighth exception was "to that part of your charge where, for the first time, you speak about the 'killing' of Monagle." The ninth exception was "to that part of the charge . . . toward the latter part . . . where your Honor spoke about a 'killing.'" The entire argument in the defendant's brief on the subject was as follows:

"These two exceptions were taken of that portion of the judge's charge in which he used the word 'killing' instead of the word 'murder.' The crime for which the defendant is being tried is what might be called 'statutory murder,' which is a murder committed during the commission of or

attempt to commit a crime punishable by life imprisonment, and in the instruction the word 'murder' should have been used instead of the word 'killing.'"

The use by the judge in a very long charge of the word "kill" or "killing" was with respect to definitions of intent and of a killing in the course of the commission of another crime, such as robbery.

Other errors assigned are stated in the opinion.

*J. W. Connelly,* for the defendant.

*R. T. Bushnell,* District Attorney, for the Commonwealth.

CARROLL, J.   The defendant was found guilty of murder in the first degree.   There was evidence that the defendant, who was nineteen years of age, with a companion went to the store of James Monagle in Medford, with the intention of committing the crime of robbery; that the defendant carried a revolver; that Monagle gave active resistance and he was shot and killed.   The assignment of errors deals with exceptions to the refusal by the judge to admit certain testimony and to exclude other testimony, to his refusal to give instructions to the jury requested by the defendant, and to parts of the charge.

Charles J. Van Amburgh, an expert on firearms, was a witness for the Commonwealth, and testified that certain bullets taken from the body of James Monagle had been fired from a pistol that the Commonwealth contended had been fired by the defendant.   The witness, after he had testified that he was employed as adviser on the subject of firearms with the commissoner of public safety, and had testified on cross-examination that he came to the department after the death of Captain Proctor, was asked by counsel for the defendant: "Captain Proctor at one time was with the State Police as a pistol expert, wasn't he?" On objection by the district attorney the question was excluded.   We fail to find any error in excluding this question: it was of no probative value; it did not bear on the qualification of the witness as an expert, and it had no bearing on the facts in issue.   The defendant contends that the question asked the witness was a preliminary one to be followed by opinions of Proctor contradicting the testimony

of the witness. The transcript of the evidence does not disclose for what purpose the question was asked, nor the intention of the defendant to follow this question with evidence of the opinions of Proctor. Even if the record of the testimony showed the purpose of the defendant in asking the question, there was no error in excluding it when asked. Nothing appears in the record to show that the defendant was in any way prevented from introducing all the material evidence he desired to contradict or explain the testimony of Van Amburgh. This exception is over-ruled.

The defendant's second exception is to the refusal of the judge to exclude questions asked of the defendant on cross-examination, based on statements made by the defendant while under arrest, the defendant contending that the statements were made "in consequence of a promise of reward or leniency," and the Commonwealth contending that these statements of the defendant were contradictory of his testimony on direct examination, and were in the nature of admissions. The Commonwealth introduced testimony tending to show the defendant was told that anything he said would "be used in court later, for or against him," and that no promise of leniency was given him before he made the statements. The defendant testified that he had not formed the intention when he went to Medford "that night of holding up the store," and had not discussed "the hold-up with . . . [his] confederates until . . . [he] got into the car." He was then asked by the district attorney: "See if this refreshes your recollection somewhat. Do you remember this question by Mr. Sherlock . . . 'Did you have a date to go out for this purpose?' And your answer 'Yes.'" This was excepted to by the defendant. The defendant was also asked: "Did you tell Mr. Sherlock or Chief Welch or Sergeant Ward or Officer O'Neill that you dropped the gun in the scuffle?" and he answered "Certainly, yes." Other questions under this exception have to do with the defendant's admissions as to where the revolver was purchased, and his intention of entering another store "and the door was locked." A confession is

an acknowledgment of guilt. An admission, as the word is used in criminal law, is a statement by the accused of facts pertinent to the issue, tending in connection with the proof of other facts to prove his guilt. The rule excluding a confession of guilt by the defendant which he was induced to make through hope of benefit or because of fear has no application to a statement which is no more than an admission. *Commonwealth* v. *Dascalakis,* 243 Mass. 519. *Commonwealth* v. *Haywood,* 247 Mass. 16. The district attorney might properly ask the defendant, when a witness on his own behalf, if he made certain statements when under arrest tending to contradict his evidence at the trial. See *Commonwealth* v. *Madeiros,* 255 Mass. 304.

The third exception was saved because of the refusal of the judge to change his instructions to the jury as to the weight or consideration they should give to the statement of the defendant made to the jury after the arguments of counsel. This statement was: "Mr. Bushnell [the district attorney] has said that I wasn't sorry. It don't say on your face. It says down here [indicating body]. I did not plan this thing. It wasn't my fault, and I was drunk. I hope you gentlemen will believe it. Thank you." The judge then told the jury that this statement was not evidence. Counsel for the defendant then asked the judge to instruct the jury "that they should consider all the circumstances, provided there was evidence in the case that warranted them in believing what he stated." The district attorney then cited *Commonwealth* v. *Stewart,* 255 Mass. 9. The defendant's counsel claimed an exception. The judge said, "You haven't an exception, because I haven't refused. You can only have an exception after the refusal." In the course of his charge to the jury the judge said, in effect, that the statement of the defendant made to them was not evidence but was to be listened to attentively and carefully, and "if you find that what he says is predicated upon evidence, then you may use what he says to emphasize the evidence or to recall the evidence to your attention." No exception was taken to this portion of the charge of the presiding judge relating to the defendant's statement. His instructions were accurate.

*Commonwealth* v. *Stewart, supra.* The third exception is overruled.

The defendant asked for this instruction: "The jury at arriving whether or not the defendant is guilty or should be held responsible for his acts, should consider age, experience, training and capacity of the defendant." This request was refused. The defendant was nineteen years of age when the crime was committed; his sanity was not questioned; his experience and training had no bearing upon his guilt or innocence. The request was refused properly.

The next request was in effect that in determining the defendant's intention the jury should consider whether he was under the influence of liquor. In refusing this request there was no error. The judge read from *Commonwealth* v. *Hawkins,* 3 Gray, 463, and instructed the jury in the words of Chief Justice Shaw, at page 466.

There was no error in refusing the seventh and eighth requests for instructions. Full and accurate instructions were given by the presiding judge on this question. See *Commonwealth* v. *Devereaux,* 256 Mass. 387.

There is no merit in the exception of the defendant to the language of the judge in describing the death. The charge was complete, fair and accurate, all the material questions were fully covered. The defendant was fairly tried, and there was no error in the manner in which the trial was conducted.

*Exceptions overruled.*