COMMONWEALTH *vs.* AHMED OSMAN.

Norfolk. October 2, 1933. — November 27, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Homicide. Evidence,* Competency, Photograph, Admission, Relevancy and materiality. *Practice, Criminal,* Conduct of the trial, New trial, Appeal with assignments of error.

At the trial of an indictment for murder of a girl, there was no error in the admission of photographs of the girl's body as it was found after the murder, although there was testimony describing the condition of the body, it appearing that the photographs were material and competent upon the issue, whether the homicide had been committed with extreme atrocity or cruelty within the meaning of G. L. (Ter. Ed.) c. 265, § 1.

A possible danger of prejudice to the defendant did not render the photographs inadmissible as a matter of law in the circumstances above described, especially as the trial judge cautioned the jury against being prejudiced thereby.

One of two persons under arrest for a crime accused the other of its commission. The accusation was made in the presence of a police officer and of the other person. The second person unequivocally denied having committed the crime and accused the first person thereof. At the trial of an indictment against the two for the crime, testimony by the police officer as to the accusations made by the defendants

against each other was admitted. The first defendant testified at the trial and repeated his accusations against the second defendant in greater detail. Neither defendant requested the trial judge to rule upon the admissibility of the different parts of the police officer's testimony; but the judge of his own motion instructed the jury that accusations made by one of the defendants were not evidence against the other. The first defendant was acquitted and the second defendant was found guilty. *Held*, that there was no error prejudicial to the second defendant in the admission of the police officer's testimony as to the accusations made by the first ·defendant against the second defendant at the time when they were under arrest.

At the trial of an indictment for murder, the Commonwealth introduced evidence that clothing found in the defendant's room and worn by him on the day of the murder showed certain stains. The defendant contended in explanation that the stains were the result of a crime previously committed by another person who, upon his conviction and sentence for that crime, had left the clothing in the defendant's room; but there was no evidence to show that the other person had worn the clothing at the time of the commission of his crime or that the stains resulted therefrom. The trial judge excluded evidence offered by the defendant showing the conviction of the other person of his crime. *Held*, that no error was shown in such exclusion.

Where, at the trial of an indictment for murder of a girl, there was evidence that she had been raped and strangled, and her body concealed, within a period of one half or three quarters of an hour and that the murder was committed with extreme atrocity or cruelty within the meaning of G. L. (Ter. Ed.) c. 265, § 1, and there was a verdict of guilty of murder in the first degree, no error appeared in the denial of a motion for a new trial based on the ground that the Commonwealth had not proved beyond a reasonable doubt "that the assault . . . [upon the girl] was committed at the time that she was strangled," both because the evidence warranted an inference that the killing was committed during the rape or soon afterwards and also because the verdict might have been based on the ground· that the murder was committed with extreme atrocity or cruelty within the meaning of the statute.

The mere circumstance that the killing above described might have followed the rape in point of time did not make the two crimes independent of each other.

No error is shown in the denial of a motion for a new trial of an indictment where it appears that the questions of law presented thereby were raised or could have been raised at the trial.

INDICTMENT, found and returned on April 7, 1933, charging Ahmed Osman and Alley Osman with murder.

The indictment was tried in the Superior Court before *Williams*, J. The defendant Alley Osman was acquitted, and the defendant Ahmed Osman was found guilty of murder in the first degree. A motion by him for a new trial

was denied.  He filed an appeal with assignments of error, described in the opinion.

*E. L. Ryerson,* (*W. S. Patterson* with him,) for the defendant.

*E. R. Dewing,* Assistant District Attorney, for the Commonwealth.

LUMMUS, J.  The defendant was convicted in the first degree of the murder of Nellie Keras, a girl nine years old, who lived with her parents on the second floor of a house in which the defendant lived alone on the third floor.  The body of the girl was found, bound with cord, enclosed in a burlap bag, and hidden in a woodpile in a compartment used by the defendant in the basement.  The body gave evidence that the girl had been raped as well as strangled to death.  The case comes here by appeal, with a summary of the record, a transcript of the evidence, and an assignment of errors, under G. L. (Ter. Ed.) c. 278, §§ 33 A–33 G. *Commonwealth* v. *McDonald,* 264 Mass. 324.

The first error assigned is the admission of photographs of the body of the murdered girl, as it was when removed from the burlap bag.  The defendant urges that the condition shown by the photographs could have been shown and in fact was shown by oral testimony.  But the photographs described the condition of the body more vividly and accurately than could have been done by words.  That condition was material, at least upon the question whether the crime was murder in the first degree because "committed . . . with extreme atrocity or cruelty."  G. L. (Ter. Ed.) c. 265, § 1.  *Commonwealth* v. *Desmarteau,* 16 Gray, 1, 10, 11.  *Commonwealth* v. *Gilbert,* 165 Mass. 45, 58, 59. *Commonwealth* v. *Taylor,* 263 Mass. 356, 360, 361.  *Commonwealth* v. *Knowlton,* 265 Mass. 382, 386, 388, 389.  The defendant argues that the sight of the photographs may have induced in the jury not only loathing of the crime but also unreasoning hatred of the accused.  The judge warned the jury against that, and was not bound to let a merely possible danger of prejudice outweigh the plain evidential value of the photographs.  *Commonwealth* v. *Retkovitz,* 222 Mass. 245, 248, 249.  *Commonwealth* v. *Knowlton,* 265 Mass. 382, 386.

The second assignment challenges the admission of the testimony of a police officer to accusations against the defendant by Alley Osman, who was indicted and tried with the defendant but acquitted, made while both men were under arrest. Each accused the other, and Alley went into some detail in accusing the defendant. The defendant urges that he unequivocally denied the commission of the crime, and was not required to reply to each detail of the accusation which followed. *Commonwealth* v. *Spiropoulos*, 208 Mass. 71, 74. *Commonwealth* v. *Hamel*, 264 Mass. 564, 569. *Commonwealth* v. *Hebert*, 264 Mass. 571, 578. *Commonwealth* v. *Graham*, 279 Mass. 466, 468. In fact, the defendant not only denied the commission of the crime, but declared that Alley killed the girl; and this, the jury might find, evidenced some knowledge of the crime. For the same reason, the accusations of Alley against the defendant constituted evidence against Alley himself. Each part of the conversation was therefore admissible against one defendant or the other, and neither defendant asked the judge to rule upon the admissibility of different parts. The judge, however, instructed the jury of his own motion that accusations made by one defendant are not evidence against the other. *Commonwealth* v. *Snyder*, 282 Mass. 401, 416. Moreover, since Alley testified at the trial, and repeated in much greater detail the accusations against the defendant that he had made in his conversation with the defendant and the police officer, the admission of that conversation could hardly have harmed the defendant. The evidence admitted was of a mere admission, not of a confession, and the rule excluding confessions induced by threats or promises has no application. *Commonwealth* v. *Haywood*, 247 Mass. 16. *Commonwealth* v. *Jokinen*, 257 Mass. 429. *Commonwealth* v. *Reibstein*, 257 Mass. 436. *Commonwealth* v. *Gleason*, 262 Mass. 185, 190. It is proper to add that there was no evidence of any threat or promise. No error appears.

The third assignment relates to the exclusion of evidence of the conviction of one Suleiman Osman, otherwise called Dan Alli, a brother of Alley Osman, in April, 1929, of "assault

on a young girl." The Commonwealth had introduced evidence that a pair of trousers found in the defendant's tenement and worn by him on the day of the crime showed spots of human blood and vaginal epithelial cells. In explanation of the stains, the defendant contended that the trousers had been left by Suleiman Osman, upon his conviction and sentence, in the defendant's tenement, and that the stains were the result of Suleiman's crime. But there was no evidence or proper offer of proof that Suleiman wore the trousers at the time of the commission of his crime, or that his crime resulted in any emission of blood or epithelial cells. In this state of the evidence there was no error in excluding the conviction of Suleiman Osman.

The fourth and last assignment relates to the denial of a motion for a new trial based on the grounds that the verdict was against the law, the evidence and the weight of the evidence, and that the Commonwealth had failed to prove beyond a reasonable doubt "that the assault committed upon Nellie Keras was committed at the time that she was strangled." The point made in the passage quoted is that the crime could not have been found to be murder in the first degree without proof that it was committed "in the commission or attempted commission" of rape. G. L. (Ter. Ed.) c. 265, § 1. But whether it was so committed was for the jury. There was testimony from both the defendant and Alley Osman upon which it could be found that the rape, the killing, and the concealment of the body occupied no more than half or three quarters of an hour. It is a natural inference that the killing was for the purpose of concealing the rape, and was done during the rape or soon afterwards. If the killing followed the rape in point of time, that did not make the crimes independent of each other. *Commonwealth* v. *Devereaux*, 256 Mass. 387, 392. There was evidence, too, that the murder was "committed . . . with extreme atrocity or cruelty" (G. L. [Ter. Ed.] c. 265, § 1, and the cases already cited in dealing with the first assignment), and the verdict may have been based upon that ground. In *Commonwealth* v. *Desmarteau*, 16 Gray, 1, 10, the killing by repeated blows and drowning

followed a rape, and was "for the purpose of concealing this crime and escaping punishment therefor." This court said, "the mere recital of the facts that make up the history of this homicide, it would seem, should silence every doubt of its being a case of most aggravated atrocity and cruelty." The conviction in the present case was fully supported by the evidence.

Moreover, the questions presented by the motion for a new trial were either questions of discretion for the trial court in its superintendence of the work of the jury, or questions of law which could have been raised or in fact had been raised at the trial. It is settled that a trial judge need not allow a party to reserve such questions of law for presentation for the first time upon a motion for a new trial, or to revive and renew them upon such a motion. *Robbins* v. *Brockton Street Railway*, 180 Mass. 51, 53, 54. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 24, 25. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 38. *Commonwealth* v. *Cero*, 264 Mass. 264, 275. *Vengrow* v. *Grimes*, 274 Mass. 278. *Commonwealth* v. *Chin Kee*, 283 Mass. 248, 256.

*Judgment on the verdict.*