COMMONWEALTH *vs.* A. WILLIAM REIBSTEIN.

Suffolk.    October 20, 1926. — November 22, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Evidence,* Admissions and confessions. *Practice, Criminal,* Examination by judge preliminary to admission of evidence.

At the trial of an indictment charging the unlawful procuring of a miscarriage of a woman, the defendant excepted to the admission of evidence tending to show in substance that in the presence of a police officer and the defendant after he was under arrest, the husband of the woman stated that he previously had charged the defendant before witnesses with operating on his wife twice, and had told him that he was going to see that he was prosecuted for it; that when he started to go out the defendant called him back and said, "Keep cool," that they could fix the matter up if he would be reasonable; and that the husband at that interview told the defendant that he did not want money, that he wanted the defendant punished; and that thereafter the defendant settled with the husband's attorney for $1,000; that the officer, having notified the defendant that he was under no obligation to talk, but, if he did reply to questions, what he said would be used against him in

court, asked the defendant if such conversation took place, and that the defendant said, "Yes," and that later the defendant again told the officer that he recalled "that conversation." *Held*, that

(1) The conversation in the defendant's presence and his reply to the officer's question were competent evidence;

(2) The testimony objected to was in the nature of an admission, and not a confession of guilt, and the defendant could not require the trial judge to make a preliminary finding of facts as to its admissibility;

(3) The issue, whether the statements were voluntarily made, did not arise on the evidence;

(4) The defendant was not harmed by the judge's holding a preliminary investigation to ascertain if the defendant's reply to the officer was voluntary, nor to an instruction to the jury, that, if they did not find that the defendant admitted that he had the conversation, they ought to disregard all that was said in his presence.

INDICTMENT, found and returned on December 5, 1924, charging in a first count that the defendant "with intent to procure the miscarriage of Agnes L. McGarrigle, did unlawfully use a certain instrument" upon her body.

In the Superior Court, the case was tried before *Whiting*, J. Material evidence and exceptions by the defendant are described in the opinion. The defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*F. Juggins & M. M. McChesney*, for the defendant.

*J. J. Leonard*, Assistant District Attorney, for the Commonwealth.

SANDERSON, J.    The defendant was convicted of performing an abortion on one Agnes McGarrigle.

The exceptions argued relate to the admissibility of the testimony of officer McCaffrey as to conversations between the husband of the woman and the defendant in the officer's presence. The first conversation was at the defendant's office after his arrest. The testimony tended to show that the officer notified the defendant that he was under no obligation to talk, but if he did reply to questions what he said would be used against him in court. The husband then repeated to the defendant what purported to be in part a conversation with the defendant shortly after the date of the alleged offence, to the effect that he had then called with two friends and charged the defendant with operating on his

wife twice, and told him that he was going to see that he was prosecuted for it; that when he started to go out the defendant called him back and said "Keep cool," that they could fix the matter up if he would be reasonable, and that the husband at that interview told the defendant that he did not want money, that he wanted the defendant punished and that thereafter the defendant settled with the husband's attorney for $1,000. To the officer's question, whether the husband came to the defendant's place and whether the foregoing conversation took place, the defendant answered "Yes." The officer also testified to a conversation between the husband and the defendant at a later time and when the defendant was still under arrest, in substance like the conversation above described, and at the end of it the husband asked the defendant if he remembered telling the husband to keep cool, and that the matter could be very easily arranged without publicity, and the defendant then said "Yes, I do recall that conversation."

The judge instructed the jury, when the evidence went in and later in his charge, that he had had a preliminary hearing to decide upon the competency of the alleged admissions and had ruled them to be competent, but that the defendant, being under arrest, had a right to remain silent or to deny accusations and in that case the evidence could not be used against him; that the jury could consider the evidence as to what was said in his presence only if they found that he made the replies testified to in the evidence. The defendant contends that the evidence was incompetent because the defendant was under arrest and also because the judge, having ruled after a preliminary hearing that the evidence was admissible, left it to the jury to disregard it if they found as a fact that the defendant did not reply.

The Commonwealth had the right to show that the defendant, before his arrest, when charged by the husband with an illegal operation on his wife, did not deny it but offered to adjust the matter; and likewise to prove that when the defendant was under arrest he admitted those facts. The testimony, that the defendant said in the officer's

presence that he had the conversation which the husband said he had, made the officer's testimony competent. Any statement freely made by the defendant when under arrest which tends to show his guilt is admissible. The testimony objected to was in the nature of an admission and not a confession of guilt, and the defendant could not require the trial judge to make a preliminary finding of facts as to its admissibility. The issue, whether the statements were voluntarily made, did not arise on the evidence. *Commonwealth* v. *Haywood*, 247 Mass. 16. *Commonwealth* v. *Dascalakis*, 243 Mass. 519. There could be no objection to the judge having a preliminary hearing to decide upon the competency of the evidence, and he properly instructed the jury that, if they did not find that the defendant admitted that he had the conversation, they ought to disregard all that was said in his presence. Even in the case of confessions, if the judge admits them in evidence after a preliminary hearing, it is the common practice in this Commonwealth to submit to the jury for their final determination all questions of fact involved in his decision. *Commonwealth* v. *Piper*, 120 Mass. 185, 188. *Commonwealth* v. *Preece*, 140 Mass. 276. *Commonwealth* v. *Robinson*, 146 Mass. 571, 582. See also *Commonwealth* v. *Tucker*, 189 Mass. 457, 474. The payment of $1,000 to Mr. and Mrs. McGarrigle became an admitted fact before the trial ended. The defendant testified that he paid that sum, by advice of counsel, to avoid publicity, because he felt that an attempt was being made to blackmail him.

The officer testified without objection to a statement by Mrs. McGarrigle in the defendant's presence, after his arrest, of what purported to be interviews with the defendant concerning the abortion; and, when it appeared that the defendant made no reply, his attorney asked that Mrs. McGarrigle's statement be struck out. The trial judge, after explaining to the jury that if a man under arrest says nothing in response to a statement made to him, the statement cannot be introduced, ruled that, because the defendant said nothing in response to Mrs. McGarrigle's statement of what had happened, the jury were not in any

way to consider the testimony of the officer so far as it related to what Mrs. McGarrigle said. The defendant did not ask for any further action by the judge concerning the evidence, and there was no request for ruling and no exception to his ruling concerning it.

All exceptions argued have been considered; the others are deemed to be waived.

*Exceptions overruled.*