COMMONWEALTH *vs.* ARTHUR PINA.

Bristol.   March 6, 1961. — April 28, 1961.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER,
& SPIEGEL, JJ.

*Evidence,* Admissions and confessions.

No prejudice to the defendant in a criminal case appeared in the admission
in evidence as an exhibit of a transcript, signed by him, of statements
voluntarily made by him and conceded to be admissible as admissions
where the statements were read to the jury without objection and the
judge explicitly and correctly explained to the jury the distinction be-
tween admissions and a confession and left it to them to determine
whether the statements constituted a confession.

INDICTMENT found and returned on November 9, 1959.

The case was tried in the Superior Court before *Smith,* J.

*Felix F. Perrone,* for the defendant.

*Edmund Dinis,* District Attorney, for the Commonwealth.

SPIEGEL, J.   This is an appeal from a conviction of mur-
der in the second degree.   The indictment charged that on
August 25, 1959, the defendant "did assault and beat Jose-
phine Gomes, with intent to murder her, and by such assault
and beating did kill and murder Josephine Gomes."

The assignment of errors relates solely to the admission
in evidence of an alleged confession.

The defendant concedes that the alleged confession was
made voluntarily and that the statements therein contained
would be admissible in evidence as admissions.   He argues,

however, that it was error for the judge to allow the written instrument to be admitted in evidence as an exhibit because it was not a confession of the crime of murder.

The transcript of the evidence discloses that there was testimony by a sergeant of the New Bedford Police Department who took the stenographic notes of the ''confession'' that the statements were made by the defendant voluntarily; and that the sergeant made a written transcript from her own notes, which the defendant signed. The sergeant then read the statement which is identical with the alleged confession. The defendant did not object to the introduction of any of this testimony. Indeed, there can be no question that this was admissible evidence. *Commonwealth* v. *Reibstein,* 257 Mass. 436, 439. *Commonwealth* v. *Grieco,* 323 Mass. 639, 641.

The trial judge in his charge to the jury correctly stated among other matters the distinction between a confession and an admission. No objection was made to the judge's charge.

Subsequently, the jury returned to court with the following request: ''. . . please define manslaughter.'' Whereupon the judge correctly stated the law of manslaughter. In addition the judge directed the jury's attention to the testimony of the defendant wherein he stated that his ''passions were aroused; and, again, that he said that he shot, intending to shoot into the floor to scare the deceased, Josephine Gomes . . . .''

Whether an admission or a confession, the written statement of the defendant was admissible in evidence and could be introduced as an exhibit. See *Commonwealth* v. *Belenski,* 276 Mass. 35, 42; *Commonwealth* v. *Galvin,* 323 Mass. 205, 216; Wharton's Criminal Evidence (12th ed. 1955) § 397, at p. 145. The only prejudicial element argued by the defendant is that the statement was admitted as a confession of the defendant and that the jury were influenced by this fact. The only occasion on which the trial judge referred to the statement as a confession was out of the hearing of the jury. When in the hearing of the jury the

Commonwealth offered in evidence ". . . the signed copy of the confession of Arthur Pina made August 25, 1959, at the New Bedford Police Station, marked as Exhibit 7," the judge replied, "The signed copy of an alleged confession. It is for the jury to say whether it is a confession." See *Commonwealth* v. *Reibstein,* 257 Mass. 436, 439. These remarks of the trial judge coupled with his explicit charge to the jury as to the distinction between a confession and an admission clearly demonstrate that the defendant's argument of prejudice is without merit.

In view of what was said above we think it is unnecessary to discuss the question of whether the statement of the defendant was a confession of the crime of murder or an admission which was evidence on the issue since in any event the defendant was in no way prejudiced by what took place at his trial.

*Judgment affirmed.*